ÁNGEL ACOSTA, RAFAEL AGOSTO y OTROS, querellantes y apelantes, *v.* MARTÍN MARIETTA SERVICES, INC., y/o ABC, INC., querellados y apelados.

*Número:* AC-96-73          *Resuelto:* 10 de abril de 1997

*Manuel Porro Vizcaya* y *Miguel Simonet Sierra*, de *López-Lay, Vizcarra & Porro*, abogados de los apelantes; José A. B. Nolla Mayoral, de *McConnell Valdés*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 28 de junio de 1995, Peter Torres, Ángel Acosta y otros, presentaron una querella contra Martín Marietta Services Inc. en reclamo de salarios, vacaciones y bono de Navidad. Solicitaron que se tramitara a través del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.* Ese mismo día el tribunal de instancia expidió un emplazamiento contra Martín Marietta.

Transcurridos seis (6) meses sin diligenciarse el emplazamiento,[1] el 12 de enero de 1996 el ilustrado foro de

---

[1] Los querellantes expusieron en su recurso una explicación para no haberse diligenciado en ese término. Debido a que dicha explicación va más bien dirigida a sostener su argumento de que hubo negligencia excusable, no a los méritos del recurso —lo cual no está planteado— nos abstenemos de exponerla en esta breve relación procesal.

instancia (Hon. José L. Escribano Medina, J.), *motu pro-prio* dictó sentencia desestimatoria con perjuicio.([2]) Esta sentencia se archivó en autos el 22 de enero. Del volante de notificación surge que sólo se notificó a los abogados de los querellantes Torres y otros. Por desconocer éstos de esa sentencia, el 18 de enero presentaron —alegadamente— una moción en solicitud de un término para diligenciar los emplazamientos. El 24 de enero, el tribunal la denegó e hizo referencia a la sentencia previa de 12 de enero. Subsiguientemente declaró sin lugar una reconsideración y relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Los querellantes Torres y otros acudieron al Tribunal de Circuito de Apelaciones mediante dos (2) recursos, una apelación contra la sentencia y un *certiorari* contra la resolución denegatoria del relevo. En ambos consignaron que como la querellada Martín Marietta no había sido emplazada ni se había sometido voluntariamente, no le notificaron ninguno de los recursos según lo exigido por el Reglamento del Tribunal de Circuito de Apelaciones. Previa consolidación, dicho foro requirió de Martín Marietta que expusiera su posición. Ésta compareció y solicitó la desestimación por falta de notificación. El 20 de mayo, el reputado foro apelativo pidió a los apelantes, Torres y otros, mostrar causa por la cual no debía acceder. Luego de su comparecencia y de una vista oral, el 23 de septiembre de 1996 dictó sentencia desestimatoria (Honorables Amadeo Murga —voto disidente—, Pesante Martínez y Rivera Pérez).

Al *certiorari* de los querellantes Torres y otros, mediante orden para mostrar causa, revisamos.

---

([2]) La Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

"(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio."

## II

Los cuatro (4) señalamientos de error([3]) plantean una misma interrogante: *¿Un apelante o peticionario debe notificar copia de su recurso dentro del término dispuesto a un demandado apelado o recurrido, no emplazado y sobre quien el tribunal de instancia nunca adquirió jurisdicción?* La cuestión, novel por demás, requiere interpretar armoniosamente varias disposiciones legales.

■ Afirmativamente, la Regla 53.2(d) de Procedimiento Civil, según enmendada por la Ley Núm. 249 de 25 de diciembre de 1995 (32 L.P.R.A. Ap. III) y la Regla 18(c) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, dispone tal notificación a *todas las partes* o sus abogados de récord, dentro del término establecido para acudir en alzada.

■ Estos y otros preceptos reglamentarios parten de la premisa general de que los dictámenes que revisa un tribunal apelativo, de ordinario, son el resultado de una contienda entre dos (2) o más personas (denominadas partes), sobre las cuales el tribunal ha adquirido jurisdicción. Así, desde *Claudio v. Casillas Mojica*, 100 D.P.R. 761, 773 (1972), señalamos que "[p]ara que la 'comparecencia' de un

---

([3]) Discuten los siguientes errores:

"1. Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el Recurso de Apelación por carecer de jurisdicción y el Recurso de Certiorari, por no haber sido perfeccionado de acuerdo a la Ley y porque no se ha proseguido con diligencia.

"2. Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar los Recursos de Apelación y el de Certiorari, al resolver que la notificación de los recursos ante dicho Tribunal, es de carácter jurisdiccional, aunque se trate de una notificación a una entidad o persona que no está ante la jurisdicción del Tribunal, por no haber sido emplazada.

"3. Erró el Honorable Tribunal de Circuito de Apelaciones al privar a los apelantes de su día en corte, al imponerle el requisito de notificar el Recurso de Apelación y el de una Petición de Certiorari a una entidad que no ha sido emplazada; quien no se ha sometido voluntariamente a la jurisdicción del Tribunal y por tanto, sobre quien los Tribunales de Justicia no tienen jurisdicción.

"4. Erró el Honorable Tribunal de Circuito al así resolver, sin que exista un derecho claro y establecido en cuanto a los fundamentos de su decisión, privando así a los Apelantes del derecho a ventilar en su fondo una reclamación de salarios, reclamación que está revestida de un alto grado [de] interés público."

demandado confiera jurisdicción al tribunal es necesario algo más que su presencia personal en el salón de la Corte, especialmente cuando tal presencia es accidental. *Debe el demandado realizar algún acto sustancial que le constituya en una parte* en el pleito. Véanse, 6 C.S.J.— Appearance 1, 12 y 13; *Andrews* v. *Andrews & Andrews*, 4 F.Supp. 5; *Thornhill* v. *Hargreaves*, 107 N.W. 847; *Smith* v. *Hamahua Mills Co.*, 12 Haw. 245; *Aycock* v. *Miller*, 18 So.2d. 335; 3A *Words & Phrases*, pág. 341." (Énfasis suplido.)

Procesalmente, el concepto *parte* está inexorablemente atado al de *jurisdicción sobre la persona* (el demandante —actor o promovente original— que se somete voluntariamente al presentar la acción y el demandado que es notificado mediante emplazamiento). Su citación o emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Reyes Reyes v. Oriental Fed. Savs. Bank*, 133 D.P.R. 15 (1993); *Pagán v. Rivera Burgos*, 113 D.P.R. 750, 754 (1983). Por tal razón, consistentemente hemos resuelto que la falta de diligenciamiento del emplazamiento (personal o por edictos) priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra. No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción, que la persona puede ser considerada propiamente *parte*, aunque haya sido *nombrada* en el epígrafe de la demanda; hasta ese momento sólo es *parte nominal*.[4]

La posición adoptada por la reputada mayoría del panel del Tribunal de Circuito de Apelaciones *erróneamente* utilizó como base jurisprudencia nuestra en la cual, situacionalmente, los demandados habían sido declarados rebeldes por no comparecer después de haber sido emplazados: eran

---

[4] A igual resultado han llegados varios circuitos del Tribunal de Apelaciones en la jurisdicción federal. Véanse: *Welch v. Folsom*, 925 F.2d 666 (3er Cir. 1991); *Craig v. Lynaugh*, 846 F.2d 11 (5to Cir. 1988); *Bishop v. District of Columbia*, 836 F.2d 549 (6to Cir. 1987); (sin publicar); *L.G. Defelice & Son, Inc. v. Globe Indemnity Company*, 23 F.R.D. 275, 278 (1959); 2 *Moore's Federal Practice* Sec. 5.04. *Cfr. Simmons v. Ghent*, 970 F.2d 392 (7mo Cir. 1992).

*partes* dentro del significado jurídico-procesal, aunque en rebeldía. Como corolario, la necesidad de notificarles la sentencia por edicto. *Falcón Padilla v. Maldonado Quirós*, 138 D.P.R. 983 (1995). En el caso ante nos, el volante de notificación de la sentencia desestimatoria revela que sólo se notificó a los querellantes Torres y otros. Ello, porque en estricto derecho, sólo éstos eran *partes*.

Una aclaración final. Desestimar una demanda por demora en el diligenciamiento del emplazamiento favorece a aquel demandado que todavía no es *parte*. Ciertamente, dejar sin efecto esa desestimación no le beneficia. Sin embargo, si adoptáramos y siguiéramos el razonamiento del Tribunal de Circuito de Apelaciones, tendríamos que exigirle siempre al tribunal de instancia que al aplicar la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, citara al demandado, *antes* de prorrogar el término para diligenciar el emplazamiento o de dejar sin efecto una sentencia de archivo sobre ese fundamento. Ese no es el curso de acción apropiado. Hemos de recordar que el demandado, una vez emplazado, no queda desprovisto de impugnar *posteriormente* la razonabilidad de esa demora o la corrección y juridicidad de haber dejado sin efecto la desestimación. *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981). *Antes* de ese momento, ningún dictamen judicial relativo a ese extremo puede afectarle, por no haberse obtenido válidamente jurisdicción sobre su persona.

Por los fundamentos expuestos, *se expedirá el auto y dictará sentencia revocatoria de la emitida el 23 de septiembre de 1996 por el Tribunal de Circuito de Apelaciones, Circuito Regional VI de Caguas, Humacao y Guayama (Panel I). Dicho foro apelativo deberá evaluar los méritos de los recursos y la corrección del dictamen del Tribunal de Primera Instancia.*

Los Jueces Asociados Señores Fuster Berlingeri y Corrada Del Río concurren con el resultado sin opinión escrita.