LUIS COLÓN MORALES, apelante y recurrido, *v.* FELÍCITA RIVERA MORALES ET AL., apelados y peticionarios.

*Número:* CC-98-496          *Resuelto:* 30 de octubre de 1998

*Luis Jiménez Burgos*, de *Servicios Legales de Puerto Rico, Inc.*, abogado de la parte peticionaria; *Guillermo Vicenty Cortés*, abogado de la parte recurrida.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

El término para notificar *inter partes* una apelación presentada ante el Tribunal de Circuito de Apelaciones *es jurisdiccional* y tiene que realizarse dentro del término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia.

I

Luis Colón Morales y Felícita Rivera Morales vivieron en público concubinato durante veintiocho (28) años. Pro-

crearon ocho (8) hijos, incluyendo al menor Luis A. Colón Rivera. El 27 de enero de 1997, Colón Morales presentó una demanda de desahucio contra la señora Rivera Morales y su hijo Luis A. Colón Rivera (Caso Civil Núm. GPE97-0026). La señora Rivera Morales contestó y formuló reconvención.

El 21 de enero de 1998, archivada en autos una copia de su notificación el 23 de enero, el Tribunal de Primera Instancia, Sala Superior de Guayama (Hon. Dante Amadis Rodríguez Sosa, Juez) dictó sentencia. Declaró improcedente el desahucio, con lugar la reconvención y decretó la división de la comunidad. Entre los remedios, ordenó al demandante Colón Morales pagar a la señora Rivera Morales treinta y cinco mil dólares ($35,000) y, además, otorgar la escritura correspondiente para traspasar e inscribir a nombre de ella una residencia en el barrio Aguirre. De no comparecer al otorgamiento, el Alguacil lo sustituiría y otorgaría la escritura, una vez la sentencia fuera final, firme y ejecutable.

*El 23 de febrero* Colón Morales presentó un escrito de apelación ante el Tribunal de Circuito de Apelaciones. *No notificó el recurso a la señora Rivera Morales hasta el 26 de febrero*. El 26 de marzo, ella pidió su desestimación. Argumentó que de acuerdo con la Regla 13 del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, carecía de jurisdicción.

El 13 de abril, dicho foro (Hons. Rivera de Martínez, Rivera Pérez y Soler Aquino, Jueces) solicitó al apelante Colón Morales que mostrara causa por la cual no debía desestimar. Éste, aunque admitió que notificó después de los treinta (30) días, adujo que el término era de cumplimiento estricto. Justificó la tardanza alegando que la persona que presentó el recurso en la secretaría del Tribunal de Circuito de Apelaciones a las 2:09 de la tarde se enfermó y retuvo consigo las copias selladas hasta el 26 de febrero, cuando se notificaron por correo certificado con acuse de

recibo. A esos efectos presentó un certificado médico suscrito por el Dr. Antonio Berríos de Orocovis, fechado el 23 de febrero de 1998, y una declaración jurada de la persona contratada para personalmente entregar el recurso.

El Tribunal de Circuito de Apelaciones se negó a desestimar. El 15 de junio de 1998, Rivera Morales presentó este recurso de *certiorari*[1] con una moción en auxilio de jurisdicción. El 2 de julio emitimos una orden de mostrar causa.

## II

■ Nuestro ordenamiento procesal es claro. El Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k), según enmendada, establece el derecho de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. Por su parte, la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en lo pertinente, que la apelación "se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones".

■ El inciso (c) de la citada regla inequívocamente exige *"ser presentado en la forma antes dispuesta, dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado"*. (Énfasis suplido.) 32 L.P.R.A. Ap. III, R. 53.1(c). Sobre la notificación, la Regla 53.2(d) *ordena* que sea "a todas las partes o a

---

[1] Formuló los señalamientos de errores siguientes:

"Erró el Honorable Tribunal de Circuito de Apelaciones al ejercer su jurisdicción para acoger un recurso de apelación que no había sido debidamente perfeccionado.

"Erró el Honorable Tribunal de Circuito de Apelaciones al aceptar como justa causa la excusa del apelante como excepción a la Regla 13 del Reglamento del Tribunal de Circuito de Apelaciones, parte B, sobre Notificación a las Partes." Recurso de *certiorari*, pág. 5.

sus abogados de récord *dentro del término para apelar* y en la forma prescrita en la Regla 67". (Énfasis suplido.) 32 L.P.R.A. Ap. III.

■ No obstante la claridad de estas disposiciones, se invoca la Regla 13 del Reglamento del Circuito de Apelaciones, *supra*. Una cita fragmentada de su texto sirvió de fundamento para sostener que el término de notificación no era jurisdiccional, sino de cumplimiento estricto. *Es un error.* Dispone en su totalidad:

*Regla 13. Término para presentar la apelación*

(A) *Presentación de la Apelación.*—Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

(B) *Notificación a las Partes.*—La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. *La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia.* Cuando se efectúe por correo certificado con acuse de recibo, se remitirá la notificación a las partes a la dirección postal que surja del último escrito que conste en el expediente del caso. En su defecto, de estar la parte representada por abogado(a), la notificación se hará a la dirección que de [ésta] surja del Registro que a esos efectos lleva el(la) Secretario(a) del Tribunal Supremo. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La entrega personal deberá hacerse en la oficina de los(as) abogados(as) que representen a las partes y entregarse a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte o las partes representadas por abogado(a) la entrega se hará en el domicilio o dirección de la

parte o partes según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. *En los casos de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas 48 horas. El término aquí dispuesto será de cumplimiento estricto.* (Énfasis suplido.)

Vemos, pues, que la Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, configura dos (2) obligaciones procesales: la notificación en sí a las partes y la certificación de la forma y las circunstancias del diligenciamiento *cuando esa notificación se hace por entrega personal.*

Colón Morales enfatiza la oración final de la regla que conceptualiza el término aquí dispuesto de cumplimiento estricto. No tiene razón. Es claro que el término de referencia ("aquí dispuesto") es el de cuarenta y ocho (48) horas en el cual debe certificarse la forma y las circunstancias del *diligenciamiento personal.*

Las reglas de hermenéutica, especialmente la de *interpretación gramatical* y la del *último antecedente* confirman nuestra conclusión que la expresión el *"término aquí dispuesto"* es el inmediatamente anterior, no el más remoto. R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, págs. 343 y 357. Esta interpretación supera el aparente conflicto de la regla, al exigir primero una notificación dentro del término jurisdiccional de treinta (30) días y, luego, describir el término para certificar una notificación personal de cumplimiento estricto.

A modo de analogía, en *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 636–637 (1991), resolvimos que la notificación a las partes de un recurso de revisión dentro del término para acudir en alzada era de carácter jurisdiccional. Nos basamos en el lenguaje parecido de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico que, en lo pertinente, señala que "la parte notificará la presentación de la solicitud de

revisión a la agencia y a todas las partes *dentro del término para solicitar* dicha revisión". (Énfasis suplido.) A igual resultado habíamos llegado en el ordenamiento procesal anterior a la Ley de la Judicatura de Puerto Rico de 1994. *Ortiz Rivera v. Agostini*, 93 D.P.R. 221, 225 (1966); *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48 (1989).(²)

■   Una vez concluido *que el término para notificar a las partes la presentación de una apelación es jurisdiccional*, procede mandatoriamente desestimar la presentada por Colón Morales ante el Tribunal de Circuito de Apelaciones. El carácter improrrogable de los términos jurisdiccionales torna irrelevante discutir si existió o no causa justificada para disculpar la demora. Sólo los requisitos de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada.

*Se dictará sentencia para revocar la Resolución del Tribunal de Circuito de Apelaciones y ordenar la desestimación de la apelación por falta de jurisdicción.*

---

(²) En *Cruz v. Flamingo Homes Inc.*, 102 D.P.R. 490, 491 (1974), concluimos que la notificación dentro del término era jurisdiccional antes de 1967, pero no en cuanto a la notificación por correo después de 1967.