# 2003 DTA 130

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PANEL I**

VIAJES GALIANA, INCORPORATED; OSCAR VAZ ROJAS, MARITZA VILLAMIL
Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES POR AMBOS CONSTITUIDA
Apelantes

v.

CYNTHIA GONZAEZ, ROSA ACEVEDO, McCONNELL VALDES & SIFRE
Apelados

Núm. KLAN-02-01232

San Juan, Puerto Rico, a 31 de julio de 2003

Panel integrado por su Presidenta, la Juez Fiol Matta,
y los Jueces González Rivera y Rivera Martínez

Rivera Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El día 7 de noviembre de 2002, Viajes Galiana, Incorporated, Oscar Vaz Rojas, Maritza Villamil y la Sociedad Legal de Gananciales compuesta por ambos (en adelante los apelantes), presentaron recurso de apelación para solicitar la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 27 de septiembre de 2002 y notificada el 8 de octubre de 2002. Mediante la misma, se declaró Ha Lugar la moción de reconsideración y otros extremos presentada el 24 de septiembre de 2002 por Rosa Acevedo (en adelante la señora Acevedo), parte demandada no emplazada. Dicha moción solicitó la revocación de la orden emitida por el Tribunal de Primera Instancia (en adelante el TPI), el 19 de septiembre de 2002 concediendo una prórroga de 30 días a la parte demandante para que emplazara a la demandada.

Luego de ponderar los escritos presentados, así como las controversias envueltas, procedemos a confirmar la sentencia dictada por el Tribunal de Primera Instancia.

### I

Los apelantes y la señora Acevedo firmaron un contrato de opción de compra de un inmueble ubicado en la Calle Domenech en Hato Rey, Puerto Rico, el 23 de octubre de 1999. Como parte de las negociaciones, se intentó reducir dicho acuerdo a escritura pública, para así darle rango registral a la opción. Al momento de firmar dicha escritura pública, la señora Acevedo informó que se encontraba acogida a la protección de la Corte de Quiebras y, por ende, no tenía capacidad jurídica para hacer dichos acuerdos.

Así las cosas, el 10 de noviembre de 2000, los apelantes radicaron una demanda en concepto de daños y recobro de dinero contra la señora Acevedo y su representación legal, la que consistía de la Lic. Cynthia González y el Bufete McConell Valdez & Sifre. Ese mismo día se expidieron los emplazamientos contra las partes.

La señora Acevedo para ese entonces y hasta el 4 de octubre de 2001 se encontraba bajo la protección de la Ley de Quiebras, razón por la cual alega la parte apelante que no pudo emitir el emplazamiento en su contra. Posteriormente, días antes de que el tribunal de quiebras desestimara el caso de la señora Acevedo, ésta presentó una moción de desestimación ante el TPI, sin someterse a su jurisdicción. En dicha moción alegó que ya había transcurrido el término de 180 días requerido por las Reglas de Procedimiento Civil ██ para ser emplazada y solicitó la desestimación con perjuicio de la demanda y la imposición de honorarios de abogado a los apelantes.

El 9 de octubre de 2001, la señora Acevedo presentó nuevamente una moción reiterando la solicitud de desestimación, sin someterse a la jurisdicción del tribunal. El 8 de noviembre de 2001, los apelantes presentaron la correspondiente moción en oposición a la desestimación. En la misma solicitaron que se declara no ha lugar la moción de desestimación presentada por la señora Acevedo, argumentando que la señora Acevedo se encontraba bajo la protección de la Ley de Quiebras, por lo cual no podía ser emplazada. Igualmente solicitaron que se expidiera el emplazamiento contra ésta para que pudiera ser diligenciado.

El 26 de diciembre de 2001, los apelantes radicaron ante el TPI una segunda petición para que se expidiera

el emplazamiento ▇ contra la señora Acevedo. El 4 de febrero de 2002, los apelantes presentaron nuevamente una moción solicitando la expedición del emplazamiento. Finalmente, el día 15 de marzo de 2002, el TPI expidió el emplazamiento de la señora Acevedo.

El 30 de mayo de 2002, la señora Acevedo presentó una moción urgente sobre sustitución de la representación legal. A través de dicha moción se sustituyó la Lic. Cynthia M. González Aranguren por el Lic. Julio E. Gil de Lamadrid. Dicha moción fue declarada ha lugar por el tribunal el 10 de julio de 2002. Ese mismo día, el TPI dictó sentencia parcial, mediante la cual desestimó la demanda contra Cynthia M. González Aranguren con perjuicio, por no ser emplazada dentro del período establecido en las Reglas de Procedimiento Civil.

El 11 de septiembre de 2002, se venció el término de 6 meses o 180 días para diligenciar el emplazamiento contra la señora Acevedo. Por consiguiente, el 16 de septiembre de 2002, los demandantes presentaron ante el TPI una moción de prorroga para emplazar. ▇ El TPI declaró con lugar dicha moción, concediendo la prórroga el 19 de septiembre de 2002.

Así las cosas, en la minuta de la vista de 24 de septiembre de 2002 en torno a la conferencia sobre el estado de los procedimientos con referencia a la demanda instada contra el Bufete McConell Valdez & Sifre, se le ordenó a la representación legal de los apelantes que mostrara causa por la cual no se les debía encontrar culpables de desacato por no haber asistido a la misma. El 15 de octubre de 2002, la representación legal de los apelantes presentó una moción en cumplimiento de orden, mostrando causa por la cual no se les debía encontrar culpables de desacato. En dicho escrito, alegó la representación legal de los apelantes haber sido hospitalizado desde el 9 de septiembre de 2002 hasta el 18 de septiembre de 2002, por sufrir de una tromboflebitis de la pierna derecha. Acompañó dicho escrito con excusa médica.

Posteriormente, el 30 de septiembre de 2002, el TPI dictó Sentencia Parcial mediante la cual desestimó sin perjuicio la demanda contra McConell Valdez & Sifre. Dicha sentencia fue notificada a las partes el 2 de octubre de 2002.

Por otra parte, el 24 de septiembre de 2002, la señora Acevedo presentó una moción urgente de reconsideración y otros extremos para que: (a) se revocara la orden emitida el 19 de septiembre de 2002; (b) se desestimara con perjuicio la causa de acción en su contra; (c) se impusiera honorarios de abogados, y (d) se le ordenara al demandante cesar de notificar escritos a la anterior representante de la parte compareciente. El TPI, en sentencia dictada el 27 de septiembre de 2002 y notificada el 8 de octubre de 2002, declaró con lugar la moción presentada por la señora Acevedo el 24 de septiembre de 2002. Por medio de dicha sentencia reconsideró su determinación anterior, mediante la cual le había concedido la prórroga para emplazar y desestimó la demanda con perjuicio.

Inconformes con dicha sentencia, los apelantes presentaron ante nos escrito de apelación. En dicho escrito se aduce el siguiente error cometido por el Tribunal de Primera Instancia: que erró el Honorable Tribunal al determinar que la emergencia médica sufrida por el abogado de los demandados no constituye justa causa para una prórroga, conforme a la Regla 4 de Procedimiento Civil, aun cuando fue presentada dicha solicitud de prórroga cinco (5) días luego de haber vencido el termino para emplazar. Como parte del apéndice del recurso presentado por los apelantes, se presentó la declaración jurada tomada el 11 de octubre de 2002 al emplazador que trató de gestionar infructuosamente el emplazamiento de la señora Acevedo. ▇

La señora Acevedo a su vez presentó el 9 de diciembre de 2002 una moción de desestimación por falta de notificación de apelación y solicitud de término para presentar alegato. En dicha moción solicita la desestimación del recurso de apelación por no haber sido notificado a la parte apelada y la concesión de un término razonable para presentar su alegato. Así las cosas, este tribunal dictó resolución el 10 de febrero de

2003, notificada el mismo día, concediendo 20 días a los apelantes para que se expresaran en cuanto a la moción presentada.

Mediante resolución dictada el 22 de abril de 2003 y notificada el 29 de abril de 2003, este tribunal concedió nuevamente un plazo de 20 días improrrogables a la parte apelante para que se expresara en cuanto a la moción presentada. El 9 de mayo de 2003, los apelantes presentaron una réplica enmendada a la moción de desestimación. En la misma solicitaron que se declarara no ha lugar el planteamiento técnico levantado por la representación legal de la señora Acevedo, la cual aún no ha sido emplazada.

Así las cosas, el 27 de mayo de 2003, la señora Acevedo presentó ante este tribunal una solicitud de imposición de sanciones severas y otros extremos. En dicha moción solicitó la desestimación del recurso, la imposición de sanciones económicas, costas, gastos y honorarios de abogados. Por último, los apelantes presentaron una réplica de oposición de sanciones severas el 10 de junio de 2003. En dicho escrito solicitaron que se declare no ha lugar la moción de desestimación, así como la imposición de honorarios, y que se entendiera como notificada la apelación radicada en este caso.

## II

Como umbral, debemos examinar nuestra jurisdicción para intervenir en el recurso a la luz de la moción de desestimación presentada por la señora Acevedo. La moción de desestimación está fundamentada en que los apelantes omitieron notificar su escrito de apelación al *"abogado de récord"* de la señora Acevedo.

El Reglamento del Tribunal de Circuito de Apelaciones, en su Regla 13(b) dispone lo siguiente en cuanto a la notificación del escrito de apelación:

*"La parte apelada notificará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso a partir de la notificación de la sentencia.... La fecha del depósito en el correo se considerará como la fecha de la notificación de las partes."*

Nuestro Tribunal Supremo ha resuelto numerosos casos relacionados al incumplimiento de términos y requisitos con efecto jurisdiccional. Así, ha resuelto que el incumplimiento de un término jurisdiccional no admite justa causa y que, *"[c]ontrario a un término de cumplimiento estricto, el término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican porqué no puede acortarse, como tampoco es susceptible de extenderse". Jorge E. Martínez, Inc. v. Abijoe Realty Corp.,* **2000 J.T.S. 85**. Como se sabe, las cuestiones de jurisdicción, por ser privilegiadas, deben resolverse con preferencia y de carecer un tribunal de jurisdicción, sólo debe declararlo. *Autoridad Sobre Hogares v. Sagastivelza,* 71 D.P.R. 436, 439 (1950). Por ende, una vez un tribunal determina que no tiene jurisdicción sobre la materia, viene obligado a desestimar el caso, pues ésta nunca puede ser subsanada ni por las partes ni por el tribunal. *Vázquez v. ARPE,* 128 D.P.R. 513, 537 (1991); *Pueblo v. Miranda Colón,* 115 D.P.R. 511, 513 (1984); *Sociedad de Gananciales v. AFF,* 108 D.P.R. 644, 645 (1979), Regla 10.8 (c). Además, la jurisdicción de un tribunal apelativo nunca se presume, por lo que incumbe al peticionario o apelante invocarla o acreditarla.

En *Colón Morales v. Rivera Morales,* 146 D.P.R. 930 (1998), nuestro Tribunal Supremo resolvió que habiéndose concluido que es jurisdiccional el término para notificar a las partes de la presentación de una apelación, es mandatorio desestimar la apelación si no se notifica a las partes dentro de dicho término. Véase también *Velázquez v. Adm. de Terrenos,* res. el 7 de marzo de 2001, 153 D.P.R. ___, **2001 J.T.S. 35**. Más recientemente, en *Plazz v. Isla del Río, Inc.,* opinión de 31 de enero de 2003, **2003 J.T.S. 10**, el Tribunal Supremo reiteró nuevamente este principio y expuso lo siguiente: *"El carácter jurisdiccional de la notificación a las otras partes es una norma medular que existía aun antes de que se hubiese creado el Tribunal de Circuito de Apelaciones y que hemos aplicado aun a nuestro propio foro, declarándonos sin jurisdicción para revisar*

*dictámenes a quo cuando no se ha cumplido con la notificación a otras partes."*

En este caso, conforme se desprende del escrito de apelación, la notificación fue dirigida a la Lic. Cynthia M. González Aranguren y no al Lic. Julio E. Gil de Lamadrid, quien ostenta la representación legal de la señora Acevedo.

No obstante lo anterior, lo que dispone nuestro reglamento es la notificación a la **parte** y el hecho de que una persona esté incluida en el epígrafe de una demanda, no la convierte en **parte** automáticamente. El concepto de *"parte"* está inexorablemente atado al de jurisdicción sobre las partes. No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción sobre la persona que puede ser considerada propiamente parte. Hasta ese momento sólo es **parte nominal**. *Acosta v. ABC, Inc.* 142 D.P.R. 927 (1997) (Enfasis suplido).

Conforme ha sido resuelto por nuestro Tribunal Supremo, el demandado, una vez emplazado, no queda desprovisto de impugnar posteriormente la razonabilidad de esa demora o la corrección y juridicidad de haber dejado sin efecto la desestimación. *Acosta v. ABC, Inc., supra*; *Banco Metropolitano v. Berríos,* 110 D.P.R. 721 (1981); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981). Antes de ese momento, ningún dictamen judicial relativo a este extremo puede afectarle por no haberse obtenido válidamente jurisdicción sobre su persona. *Acosta v. ABC, Inc., supra.*

En el presente caso, la llamada *"parte"* demandada, Rosa Acevedo, no ha sido emplazada, por lo que realmente estamos ante una parte nominal que no era necesario notificar del escrito de apelación. Por tanto, no procede la desestimación presentada y concluimos que tenemos jurisdicción para entender en la apelación de epígrafe.

### III

Una vez determinada nuestra jurisdicción, pasemos a discutir la controversia en cuanto a la apelación presentada.

El Tribunal Supremo de Puerto Rico ha expresado en numerosas ocasiones que el emplazamiento es el mecanismo procesal adecuado mediante el cual los tribunales hacen efectiva su jurisdicción y se le informa a la parte demandada que existe una reclamación en su contra. *First Bank of P.R. v. Inmob. Nac. Inc.,* 144 D.P.R. 901 (1998). A esos efectos, el Tribunal Supremo dispuso en el caso de *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986), que los requisitos para el emplazamiento son de cumplimiento estricto, asegurando así el derecho al debido proceso de ley de los demandados.

La Regla 4.3(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(b), expone el término disponible para diligenciar el emplazamiento y el procedimiento a seguir al solicitar una prórroga para casos que sea imposible diligenciar dicho emplazamiento dentro del término dispuesto. Dicha regla expresa:

*"El emplazamiento será diligenciado en el término de (6) meses de haber sido expedido. **Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original**. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio."* (Enfasis suplido)

Jurisprudencialmente se ha establecido que la prórroga que se concede según la Regla 4.3(b) de las de Procedimiento Civil, *supra*, puede ser solicitada antes o después de expirar el término dispuesto para emplazar. *Banco Metropolitano v. Berríos, supra*. La concesión de la prórroga dependerá de la discreción del tribunal si entiende que existe justa causa para concederla o si medió negligencia excusable por parte del demandante. *First Bank of P.R. v. Inmob. Nac. Inc.,* 144 D.P.R. 901, 914 (1998).

En el caso de marras, luego de habérsele concedido una prórroga previamente, el Lic. Rafael A. Oliver López de Victoria presentó una segunda moción de prórroga, cinco (5) días después de transcurrir el período de 6 meses que dispone la Regla 4.3(b) de las de Procedimiento Civil, *supra*. La prorroga solicitada fue concedida y posteriormente dejada sin efecto, al declarar con lugar una moción de reconsideración de la *"parte nominal"* Sra. Rosa Acevedo.

## IV

Es preciso señalar que ante nos por primera vez el licenciado López de Victoria incluyó evidencia que pudiera constituir justa causa para que se concediera la prórroga. Dicha evidencia aparece en la página 4 del escrito de apelación, detallando la situación médica por la cual pasó del 3 al 18 de septiembre de 2002 y que lo imposibilitó alegadamente de presentar moción de prórroga adecuada. Asimismo, en el Exhibit (J) de dicho escrito de apelación, se presentó la declaración jurada del emplazador mencionando las gestiones infructuosas hechas en el proceso de emplazamiento.

La Regla 54.4(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 54.4(c), la Regla 16(D) (2) y la Regla 74(B) de las del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, Regla 16 (D) (2) y Regla 74(B), exponen la norma sobre la presentación de evidencia nueva ante al Tribunal de Circuitos de Apelaciones. Expresa en particular la Regla 16(D) (2), anteriormente citada, que:

*"El apéndice sólo contendrá copias de documentos que formen parte del expediente original del Tribunal de Primera Instancia."* (Enfasis suplido)

El Tribunal Supremo de Puerto Rico señaló en *Belmonte v. Mercado Reverón, Admor.,* 95 D.P.R. 257, 264 (1967), que *"[e]sta práctica es indeseable y debe descontinuarse"*. Por consiguiente, es improcedente de nuestra parte considerar esta evidencia que salió a la luz luego de terminados los procesos en el TPI.

Ahora bien, el hecho de que una persona haya sido nombrada en el epígrafe de la demanda, no lo convierte en parte automáticamente. No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción sobre la persona que puede ser considerada propiamente parte. Hasta ese momento sólo es parte nominal. *Acosta v. ABC, Inc.,* 142 D.P.R. 927 (1997). Siendo esto así, concluimos que fue prematuro de la demandada no emplazada, o sea, **parte nominal**, el presentar una moción de reconsideración ante el TPI para que se denegara la prórroga previamente otorgada. El derecho de dicha parte a alegar la falta de justa causa en la moción de prórroga de los apelantes, nace una vez el tribunal adquiere jurisdicción sobre la persona.

Por otra parte, y como señaláramos anteriormente, la sentencia de la cual se apela es una mediante la cual el Tribunal de Primera Instancia declaró con lugar una moción urgente de reconsideración, presentada por la parte nominal. Al declarar con lugar la moción de reconsideración, desestimó la causa de acción con perjuicio.

Por entender que la parte nominal en esta etapa de los procedimientos no tenía *"standing"* para comparecer a plantear errores u omisiones en el proceso, la sentencia declarando con lugar la susodicha moción de reconsideración es improcedente en derecho, por lo cual procede la revocación de la misma y la devolución del presente caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

## V

Por los fundamentos anteriormente expuestos, revocamos la sentencia recurrida y devolvemos el caso de autos al Tribunal de Primera Instancia para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau<br>
Secretaria General

**ESCOLIOS 2003 DTA 130**

**1.** La Regla 4.3(b) de las de Procedimiento Civil expone que dicho período es de 6 meses desde el momento que se expidió el emplazamiento por el Tribunal.

**2.** Véase escrito de la parte recurrente Apéndice (F) páginas 14 y 15 con fecha de 21 de diciembre de 2001.

**3.** Conforme se desprende del expediente del caso a la fecha de presentación de la moción de prórroga, el abogado de los demandantes-apelantes se encontraba hospitalizado.

**4.** Véase Apéndice (J) pág. 20 del recurso de apelación. Dicha declaración jurada no fue presentada anteriormente al Tribunal de Primera Instancia que ventiló la moción de prórroga.