Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El demandado-apelado, Salvador Jiménez Colón, nos solicita la desestimación de este recurso, por falta de jurisdicción. Tiene razón, por lo que procedemos según se solicita.
El archivo en autos de copia de la notificación de la sentencia del Tribunal de Primera Instancia, Sala de Ponce, se efectuó el 18 de diciembre de 2003. Sin embargo, la notificación por correo se efectuó en realidad el 19 de diciembre de 2003, según consta en el matasellos del sobre cuya copia se incluyó en la página 578 del apéndice del escrito de apelación. Así pues, de conformidad con la Regla 46 de Procedimiento Civil, según enmendada, 32 L.P.R.A. Ap. III, R. 46, el término de treinta días para apelar comenzó a partir de la fecha del matasellos, que evidencia la fecha real de la notificación por correo. Lloréns v. Pierluisi, Opinión de 26 de septiembre de 2000, 2000 J.T.S. 150; Jorge E. Martínez, Inc. v. Abijoe Realty Corp., Opinión de 12 de mayo de 2000, 2000 J.T.S. 85.
La sentencia emitida fue en revisión de un laudo de arbitraje. Bajo la derogada Ley de la Judicatura de 1994, según enmendada, la revisión de dicha sentencia habría sido mediante certiorari, por tratarse de un caso que no se originó en el Tribunal de Primera Instancia. Art. 4.002(a) del Plan de Reorganización Núm. 1 de la Rama judicial, de 28 de julio de 1994, según enmendado, conocido como Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22k(a). En cambio, bajo el Artículo 4.006(a) de la vigente Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, toda sentencia del Tribunal de Primera Instancia se revisa mediante apelación, sin importar dónde se originó el caso. Esto no sólo le da una segunda revisión mandataria al laudo de arbitraje, sino que hace jurisdiccional el término para recurrir ante este Tribunal intermedio de la *1120 sentencia en revisión del laudo emitida por el Tribunal de Primera Instancia. Ese término era antes uno de cumplimiento estricto.
De forma cónsona con la nueva ley, el término para notificar este recurso a las otras partes es también jurisdiccional. Así lo dispone taxativamente y sin ambigüedad la Regla 13(B) de nuestro Reglamento Transitorio de 18 de noviembre de 2003. En dicha regla se expone que “jija parte apelante notificará el recurso apelativo dentro del término dispuesto para la presentación del recurso, siendo éste un término jurisdiccional.” Ibid. Véase también la Regla 53.2(d) de Procedimiento Civil, según enmendada, 32 L.P.R.A. Ap. III, R. 53.2(d) (“El apelante notificará la presentación del escrito de apelación a todas las partes o a sus abogados de récord dentro del término para apelar y en la forma prescrita en la Regla 67”).
En este caso se apeló la sentencia el último día hábil, el 20 de enero de 2004. A más tardar ese día tenía que notificarse el recurso a la parte demandada-apelada. No obstante, según se evidencia mediante declaración jurada que acompaña la moción de desestimación, el recurso fue notificado mediante entrega personal dos días tarde, el 22 de enero de 2004. Incluso, nos señala la parte demandada-apelada en la página 2 de su moción de desestimación que la copia que le fue notificada contiene los timbres de la Secretaría del Tribunal de Primera Instancia, de 20 de enero de 2004, y el de nuestra Secretaría, de 21 de enero de 2004, lo que constituye otra prueba irrefutable de que, en efecto, el recurso se notificó a la parte demandada-apelada después del 20 de enero de 2004.
El Tribunal Supremo ha especificado que “[l]a notificación puede hacerse a cualquier hora antes de la medianoche del último día hábil para la presentación de la petición. ” Campos del Toro v. Ame. Transit Corp., 113 D.P.R. 337, 348 (1982). Ahora bien, como dispone la Regla 13(B) de nuestro Reglamento Transitorio, supra, la notificación es de naturaleza jurisdiccional y tiene que hacerse dentro del término fatal para apelar. Vega Ríos v. Caribe Gen. Elec. Prods., Inc., Opinión de 25 de noviembre de 2003, 2003 J.T.S. 175; Sánchez Torres v. Hosp. Dr. Pila, Opinión de 26 de febrero de 2003, 2003 J.T.S. 30. De no hacerse en ese término, carecemos de jurisdicción. Sánchez Torres v. Hosp. Dr. Pila, supra; Piazza Vélez v. Isla del Río, Inc., Opinión de 31 de enero de 2003, 2003 J.T.S. 10; Rosario Bermúdez v. Hosp. Gen. Menonita, Opinión de 28 de agosto de 2001, 2001 J.T.S. 126; Velázquez v. Adm. de Terrenos, Opinión de 7 de marzo de 2001, 2001 J.T.S. 35; Colón Morales v. Rivera Morales, 146 D.P.R. 930 (1998); Olmeda Díaz v. Depto. de Justicia, 143 D.P.R. 596 (1997); Méndez v. Corp. Quintas San Luis, 127 D.P.R. 635 (1991); González Santos v. Bourns P.R., 125 D.P.R. 48 (1989); Ortiz Rivera v. Agostini, 93 D.P.R. 225 (1966).
Valga aclarar que si bien es cierto que el Artículo 4.004 de la Ley de la Judicatura de 2003 dice que “[e]l reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, [y] reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes...”, en este caso estamos ante un defecto jurisdiccional que no puede subsanarse sin afectar los derechos de la parte apelada. Esta tiene una sentencia final y firme que puede ejecutar. Asumir jurisdicción sobre el recurso le privaría de ese derecho.
Sin duda, el lenguaje de la ley se refiere, entonces, a otras notificaciones de carácter no jurisdiccional, como por ejemplo la notificación al tribunal apelado, que puede efectuarse fuera del término fijado por ley si se demuestra justa causa para la demora. Regla 14(B) de nuestro Reglamento Transitorio; Rivera Santiago v. Mun. de Guaynabo, Opinión de 3 de mayo de 2001, 2001 J.T.S. 67; Rojas Lugo v. Axtmayer Enterprises, Inc., Opinión de 21 de marzo de 2000, 2000 J.T.S. 59; Arriaga v. F.S.E., 145 D.P.R. 122 (1998); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651 (1997).
Recapitulando, este Tribunal no tiene discreción ni liberalidad para asumir una jurisdicción que no tiene; se trata de un defecto procesal insubsanable que hace mandataria la desestimación. Reglas 13(B) y 53.1(1)(1) de *1121 nuestro Reglamento Transitorio, supra; Carattini v. Collazo Systems Analysis, Inc. A/K/A COLSA, Inc., Opinión de 3 de enero de 2003, 2003 J.T.S. 4; Jorge E. Martínez, Inc. v. Abijoe Realty Corp., supra; Colón Morales v. Rivera Morales, supra; Rodríguez et. al. v. A.R.P.E., 149 D.P.R. 111 (1999); Méndez v. Corp. Quintas San Luis, supra; Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522 (1988).
Este recurso se notificó a la parte apelada fuera del término jurisdiccional aplicable. Por lo aquí expuesto, se desestima el recurso, por falta de jurisdicción.
Lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida üeana Oquendo Graulau
Secretaria General