ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ADALBERTO LÓPEZ TORRES POR SÍ Y COMO APODERADO DE ADILSA LÓPEZ TORRES, ADALINE LÓPEZ TORRES Y ADAMARI LÓPEZ TORRES<br><br>Apelados<br><br>v.<br><br>HOGAR SANACIÓN, L.L.C.; NEW BEGINNING CENTER, INC.<br><br>Apelantes<br><br>v.<br><br>DAVID RAMÍREZ RODRÍGUEZ Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA CON SU ESPOSO ADALBERTO LÓPEZ TORRES<br><br>Apelados | KLAN202401037 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HU2024CV00498<br><br>Sobre:<br>Desahucio sumario; Cobro de dinero |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece Hogar Sanación, LLC ("Hogar Sanación" o "Apelante") mediante *Apelación* y solicita que revoquemos la *Sentencia* emitida el 18 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao ("TPI"). Mediante el referido dictamen, el TPI desestimó la demanda contra tercero instada por el Apelante en contra de David Ramírez Rodríguez ("señor Ramírez Rodríguez"), Adalberto López Torres ("señor López Torres") (en conjunto, "matrimonio López-Ramírez" o "Apelados") y la Sociedad Legal de Gananciales ("SLG") compuesta entre ambos, por insuficiencia en el diligenciamiento del emplazamiento.

Por los fundamentos que expondremos a continuación, se *Modifica* la *Sentencia* apelada, a los efectos de desestimar la demanda contra tercero, únicamente, en contra de la SLG y así modificada, se *Confirma*.

I.

El 17 de abril de 2024, el señor López Torres, por sí y en representación de Adilsa, Adaline y Adamari, todas de apellido López Torres, instó una *Demanda* sobre desahucio sumario en contra de Hogar Sanación.

Por otra parte, el 3 de junio de 2024, el Apelante presentó una reconvención en contra de los demandantes y una demanda contra tercero en contra del matrimonio López-Ramírez y la SLG compuesta por ambos. Consecuentemente, el 2 de agosto de 2024, Hogar Sanación presentó una *Moción Acreditativa de Diligenciamiento de Emplazamiento a los Terceros Demandados*, mediante la cual evidenció el emplazamiento diligenciado el 1 de agosto de 2024 al señor Ramírez Rodríguez.

Tras varias instancias procesales, el 1 de octubre de 2024, el señor López Torres, en su carácter personal y *pro se,* notificó su *Contestación a Demanda Contra Tercero.*

Por otra parte, el 3 de octubre de 2024, Hogar Sanación presentó una *Moción en Solicitud de Anotación de Rebeldía* en contra de la SLG. El Apelante sostuvo que, emplazada la SLG y transcurridos sesenta y tres (63) días sin su comparecencia, procedía que el foro primario anotara su rebeldía.

El 4 de octubre de 2024, los Apelados notificaron una *Moción Informativa y en Oposición a Solicitud de Anotación de Rebeldía.* El matrimonio López-Rivera, expresó que, estaban casados bajo el régimen económico de separación de bienes. Por consiguiente, arguyeron que, entre ambos, no existía una SLG. Además, alegaron que, de existir una SLG, esta no había sido emplazada, toda vez que solo se diligenció el emplazamiento a través del señor Ramírez Rodríguez. Por otra parte, señalaron que, habían transcurrido ciento veinte dos (122) días desde que Hogar Sanación presentó su demanda contra tercero, así que, de existir una SLG, ya había

transcurrido el término para emplazarla. Así las cosas, solicitaron que se desestimara la demanda incoada contra la SLG.

Consecuentemente, el 8 de octubre de 2024, los esposos presentaron la Escritura de Capitulaciones Matrimoniales suscrita en el 2015. Mediante el referido documento, el matrimonio López-Ramírez estipuló que su matrimonio estaría sujeto al régimen económico de separación de bienes.

El 10 de octubre de 2024, Hogar Sanación notificó una *Oposición a Moción de Desestimación y Solicitud Reiterando la Anotación de Rebeldía.* En esencia, el Apelante alegó que, la existencia de unas capitulaciones matrimoniales no era prueba definitiva y concluyente de que no existía una SLG. Por otra parte, Hogar Sanación no se expresó sobre la deficiencia en el diligenciamiento del emplazamiento.

El 11 de octubre de 2024, los Apelados presentaron una *Réplica a "Oposición a Moción de Desestimación y Solicitud Reiterando la Anotación de Rebeldía".* El matrimonio López-Ramírez reiteró que, la Escritura de Capitulaciones Matrimoniales logró demostrar que, entre los esposos, no existía una SLG.

El 18 de octubre de 2024, el foro de instancia emitió una *Sentencia,* notificada el 22 de octubre de 2024. Mediante el referido dictamen, el foro apelado determinó que, los esposos evidenciaron que estaban casados bajo un régimen de separación de bienes. A su vez, expresó lo siguiente:

> [E]n cuanto a la solicitud de desestimación presentada por la parte demandante sobre el diligenciamiento tardío, coincide el Tribunal con la parte demandante respecto a que el emplazamiento en este caso fue diligenciado fuera del término establecido en la Regla 4.3(c) de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 4.3(c) y, por tanto, el Tribunal carecería, en cualquier caso, de jurisdicción sobre la persona de David Ramírez Rodríguez y la Sociedad de Bienes Gananciales compuesta por él y Adalberto López Torres.[1]

Por todo lo cual, declaró *Ha Lugar* la solicitud de desestimación instada por los Apelados y desestimó sin perjuicio la demanda contra tercero.

---

[1] Véase, Apéndice de la Parte Apelante, a la pág. 79 (*Sentencia*).

Inconforme, el 20 de noviembre de 2024, Hogar Sanación acudió ante nos mediante *Apelación*. El Apelante realizó los siguientes señalamientos de errores:

> **Erró el Tribunal de Primera Instancia al desestimar la demanda contra tercero en cuanto al tercero demandado David Ramírez Rodríguez cuando éste había sido emplazado dentro del término de 120 días provisto por las Reglas de Procedimiento Civil.**

> **Erró el Tribunal de Primera Instancia al determinar categóricamente que no existía una Sociedad de Bienes Gananciales a pesar de que la presunción de la existencia de un régimen de separación de bienes había sido rebatida y en consecuencia, también erró al desestimar la demanda contra tercero en cuanto a dicha parte (Sociedad de Bienes Gananciales) y determinar que, aún si hubiese existido, tal parte no había sido emplazada conforme a lo dispuesto en la Regla 4.4 de Procedimiento Civil ni podía serlo en ese momento.**

El 19 de diciembre de 2024, la parte apelada presentó su alegato en oposición. Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

## II.

## -A-

En nuestro sistema adversativo, el emplazamiento "*representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial.*" *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 5 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Torres Zayas v. Montano Gómez et al.*, 199 DPR

458, 468 (2017), *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374 (2000). Nuestro más Alto Foro ha resuelto que:

> [E]xiste en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley. *First Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901, 916 (1998).

Ahora bien, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano, supra,* pág. 467; *Datiz Vélez v. Hospital Episcopal,* 163 DPR 10, 15 (2004). Por tanto, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC, supra,* pág. 374.

Particularmente, la Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. 5. R. 4.1, dispone que el demandante deberá presentar el formulario de emplazamiento en conjunto con la demanda, para su expedición inmediata por la Secretaria del Tribunal. Una vez expedido el emplazamiento, la Regla 4.3 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3, establece el siguiente término para diligenciarlo:

> (c) El emplazamiento será diligenciado **en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.** Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.
>
> (Énfasis y subrayado suplido)

La Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, establece que al emplazador entregar copia de la demanda y del

emplazamiento, "*hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega*".

Ante un emplazamiento defectuoso, el tribunal está impedido de actuar contra una persona, y si lo hace, la sentencia que recaiga será nula por falta de jurisdicción sobre la persona. *Rivera v. Jaume*, 157 DPR 562, 573-574 (2002); *Lonzo Llanos v. Banco de la Vivienda*, 133 D.P.R. 507 (1993); *Reyes v. Oriental Fed. Savs. Bank, supra*, pág. 21.

**III.**

Mediante el primer error señalado, Hogar Sanación arguye que el foro primario erró al desestimar la demanda contra tercero, en su totalidad, a pesar de que el señor Ramírez Rodríguez fue emplazado conforme a derecho. A su vez, señala que el señor López Torres ya había comparecido mediante su *Contestación a Demanda Contra Tercero*. Le asiste la razón. Veamos.

La controversia ante nos surge luego de que Hogar Sanación solicitara la anotación de rebeldía de la SLG, por esta no haber comparecido al pleito. En respuesta a tal solicitud, el matrimonio López-Ramírez evidenció que estaban casados bajo un régimen de separación de bienes y, por tanto, solicitaron que se desestimara la demanda incoada en contra de la SLG. Los Apelados, en ningún momento, arguyeron que el foro de instancia carecía de jurisdicción sobre la persona del señor López Torres y el señor Ramírez Rodríguez.

No obstante, el foro primario desestimó la demanda contra tercero, en su totalidad, por entender que no existía una SLG y concluir que, a su vez, carecía de jurisdicción sobre la persona del señor Ramírez Rodríguez. El TPI no fundamentó la decisión de desestimar la demanda contra tercero instada en contra del señor López Torres.

Examinado el expediente, a la luz del derecho aplicable, no encontramos razón para sostener la determinación del foro de instancia. No nos cabe duda de que, el Tribunal adquirió jurisdicción sobre la persona del señor Ramírez Rodríguez mediante emplazamiento debidamente

diligenciado dentro del término de ciento veinte (120) días, contados a partir de la presentación de la demanda contra tercero. De igual manera, resulta meritorio destacar que, los Apelados únicamente solicitaron la desestimación de la demanda contra tercero en cuanto a la SLG. Sin embargo, al concluir que no existía una SLG, el foro apelado, *motu proprio*, desestimó la demanda contra tercero, por completo, sin tomar en consideración que el señor Ramírez Rodríguez fue emplazado de manera oportuna y que el señor López Torres ya había presentado su alegación responsiva. Resulta forzoso concluir que, el TPI incidió al desestimar la demanda contra tercero instada en contra del matrimonio López-Ramírez.

Por otro lado, a través de su segundo señalamiento de error, el Apelante sostiene que el foro primario incidió al determinar que no existía una SLG compuesta por el matrimonio López-Ramírez. De manera específica, aduce que, existe una SLG porque fue incluida como parte del epígrafe de una demanda instada por el matrimonio López-Ramírez en el Caso Núm. SJ2015CV00325, del cual tomamos conocimiento judicial. Ante ello, sostiene que, el precitado epígrafe pone en controversia la presunta inexistencia de la SLG.

En primer lugar, advertimos que, ante la presentación de la Escritura de Capitulaciones Matrimoniales, quedó evidenciado que entre el matrimonio López-Ramírez no existe una SLG. En segundo lugar, hemos examinado la demanda instada en el caso SJ2015CV00325 y constatamos que, a pesar de que la presunta SLG aparece en el epígrafe, del contenido de la demanda no surge alegación alguna a nombre de esta. Como bien señala el Apelante, la SLG fue añadida al epígrafe de la demanda, a mano, luego de su redacción. El matrimonio López-Ramírez no hizo referencia al supuesto régimen ganancial compuesto por ambos en ningún otro lugar de la aludida demanda. Lo alegado por el Apelante no resulta suficiente para controvertir lo evidenciado mediante la Escritura de Capitulaciones Matrimoniales. Por todo lo cual, el foro primario no erró al determinar que

el matrimonio López-Ramírez está casado bajo un régimen de separación de bienes.

**IV.**

Por los fundamentos que anteceden, se *Modifica* la *Sentencia* apelada, a los efectos de desestimar la demanda contra tercero, únicamente, en contra de la SLG y así modificada, se *Confirma*. Se devuelve para la continuación de los procedimientos, según lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones