Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DEMETRIO SALDAÑA RODRÍGUEZ Y OTROS<br><br>**RECURRIDOS**<br><br>v.<br><br>ÁNGEL DAVID SALDAÑA FIGUEROA Y OTROS<br><br>**PETICIONARIOS** | KLCE202400801 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. RG2024CV00099<br><br>Sobre: Desahucio en Precario y Otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

**I.**

El 17 de julio de 2024, el señor Ángel David Saldaña Figueroa, la señora Ivelisse Ortiz Lebrón y la Sociedad Legal de Bienes Gananciales (SLG), compuesta por ambos, (en conjunto, peticionarios o codemandados) presentaron un recurso de *Certiorari* ante nos en el que solicitaron que revoquemos una *Orden* emitida por el Tribunal de Primaria Instancia, Sala Superior de Fajardo (TPI o foro primario) el 17 de junio de 2024, notificada y archivada en autos ese mismo día.[1] Mediante el dictamen, el TPI declaró con lugar una *Moción en Cumplimiento de Orden*[2] presentada por el señor Demetrio Saldaña Rodríguez, el señor Demetrio Saldaña Figueroa, la señora Grissellia Saldaña Figueroa, la señora Clariza Saldaña Figueroa, y la señora Rosa I. Saldaña Figueroa t/c/c Rosa I. Roldán (en conjunto, recurridos o codemandantes), y consecuentemente, les

_____
[1] Apéndice del recurso de *Certiorari*, Anejo U, pág. 80.
[2] *Íd.*, Anejo T, págs. 76-79.

Número Identificador
RES2024_____

mantuvo la anotación de rebeldía a los peticionarios. Alegan deficiencia en el diligenciamiento del emplazamiento, lo que priva de jurisdicción al TPI.

El 18 de julio de 2024, emitimos una *Resolución* por la que le concedimos a los recurridos un término de diez (10) días, contados a partir de la notificación de dicha resolución, para exponer su posición sobre los méritos del recurso de *Certiorari.*

Luego de dos (2) solicitudes de prórroga y los correspondientes términos concedidos, el 20 de agosto de 2024, el recurrido Demetrio Saldaña Rodríguez presentó una *Oposición a la Expedición del Auto de Certiorari.* Por medio de esta, argumentó que, si bien nuestro máximo foro estableció que la mejor práctica es emplazar a ambos cónyuges tanto en su capacidad individual como en representación de la SLG, con el propósito de evitar conflictos de intereses, dicha recomendación no constituye un mandato absoluto, sino una orientación sobre la práctica más idónea. Expuso además que, aunque la señora Ivelisse Ortiz Lebrón no fue emplazada, la SLG fue emplazada a través del señor Ángel David Saldaña Rodríguez.

Por otra parte, sostuvo que el tribunal no estaba en posición de pronunciarse sobre la madurez y justiciabilidad de la causa sobre la liquidación de las comunidades de bienes post ganancial y hereditaria sin la presentación de mociones adecuadas, la admisión de prueba suficiente y ante la etapa en la cual se encontraba el caso.

Por ende, damos por perfeccionado el recurso de epígrafe, y, en adelante, pormenorizaremos los hechos procesales atinentes al auto de *Certiorari.*

**II.**

El caso de marras tiene su génesis el 7 de marzo de 2024 cuando los recurridos presentaron una *Demanda* en contra del señor Ángel David Saldaña Rodríguez y la SLG integrada por él y su esposa "Jane Doe", y la señora Elba Iris Martínez en concepto de

liquidación de las comunidades de bienes post ganancial y hereditaria, y por desahucio en precario.[3]

Luego de varios trámites procesales, el 4 de abril de 2024, los recurridos presentaron una *Moción Sometiendo Emplazamientos Diligenciados* anejando a la misma dos (2) emplazamientos; a saber, (1) uno dirigido al señor Ángel David Saldaña Figueroa, su esposa Jane Doe y la SLG compuesta por ambos; y (2) otro dirigido a la señora Elba Iris Martínez.[4]

Ese mismo día, los recurridos presentaron una *Moción Sustituyendo Parte Demandada de Nombre Desconocido* donde sostuvieron que en el epígrafe de la demanda presentada en el caso de autos se había designado a la esposa del señor Ángel David Saldaña Figueroa como "Jane Doe".[5] Sin embargo, arguyeron que ella fue emplazada el 27 de marzo de 2024 y en ese momento se le identificó al emplazador como Ivelisse Ortiz Lebrón. Por lo tanto, a tenor con la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, solicitaron del foro *a quo* que se sustituyera el nombre de "Jane Doe" por Ivelisse Ortiz Lebrón.

Posteriormente, el 22 de abril de 2024, el foro primario emitió una *Orden,* notificada y archivada en autos el 2 de mayo de 2024, declarando ha lugar la sustitución de la desconocida "Jane Doe" por el nombre de Ivelisse Ortiz Lebrón.[6] Fundamentó su determinación en la información provista por el emplazador Julio Estrada, quien informó y suscribió bajo juramento que, al emplazar a la codemandada desconocida, esta se le identificó personalmente con el nombre de Ivelisse Ortiz Lebrón.

Posteriormente, el 29 de abril de 2024, los recurridos radicaron una *Moción Solicitando se Anote la Rebeldía a los*

---

[3] *Íd.*, Anejo A, págs. 1-4.
[4] *Íd.*, Anejo F, págs. 26-32.
[5] *Íd.*, Anejo G, págs. 33-34.
[6] *Íd.*, Anejo M, págs. 48-50.

*Demandados*, por la cual suplicaron la anotación de rebeldía de los peticionarios por no haber comparecido dentro de los treinta (30) días para hacerlo, conforme a la Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1.[7]

El mismo 29 de abril de 2024, el foro primario emitió una *Orden*, notificada y archivada en autos el 1 de mayo de 2024, por la que les anotó a los peticionarios la rebeldía.[8]

El 3 de mayo de 2024, los peticionarios radicaron una *Moción Asumiendo Representación Legal y Solicitud de Reconsideración* respecto a dicha anotación de rebeldía.[9] A través de esta y en lo pertinente, la representante legal de los peticionarios expresó que tuvo una emergencia familiar que la mantuvo fuera de la oficina por varios días por lo cual no se percató de que el término para contestar la demanda había expirado dos días atrás. Sin embargo, los peticionaros expusieron que el emplazamiento diligenciado por los recurridos fue defectuoso por haberse emplazado a ambos cónyuges a través de un solo documento.

Por otro lado, sostuvieron que la causa de acción sobre liquidación de la comunidad hereditaria no estaba madura pues del expediente no surgía documento legal alguno que legitimizara la capacidad de los recurridos para llevar la causa de acción de marras; a saber, el testamento ológrafo de la causante. Argumentaron, en la alternativa, que no se había presentado una declaración jurada ni tampoco los relevos del caudal relicto, conforme a la sección 2054.05 del *Código de Rentas Internas para un Nuevo Puerto Rico o Código de Rentas Internas de Puerto Rico de 2011* (Código de Rentas Internas), Ley Núm. 1 del 31 de enero de 2011, según enmendada, 13 LPRA sec. 31165. Por lo tanto,

---

[7] *Íd.*, Anejo K, págs. 40-46.
[8] *Íd.*, Anejo L, pág. 47.
[9] *Íd.*, Anejo O, págs. 53-60.

solicitaron del TPI que dejara sin efecto la anotación de rebeldía y, de haberse dictado sentencia, se dejara sin efecto por falta de jurisdicción por insuficiencia en el emplazamiento, falta de legitimación de los recurridos e incumplimiento con las disposiciones de ley para acreditar que la controversia presentada está madura y es justiciable.

Por su parte, el 3 de mayo de 2024, los recurridos radicaron una *Moción Informativa Sometiendo Documento*[10] a la cual acompañaron una *Resolución*[11] de declaratoria de herederos respecto a la causante Rosa Emilia Figueroa Rosado t/c/c Rosa Emilia Figueroa y otros nombres emitida el 25 de octubre de 2023, y notificada y archivada el 30 de octubre de 2023, en el caso *Demetrio Saldaña Figueroa, Ex Parte* bajo el alfanumérico FA2023cv00884.

El 16 de mayo de 2024, los recurridos presentaron una *Moción en Cumplimiento de Orden* mediante la cual sostuvieron que los peticionarios tenían treinta (30) días para comparecer y presentar su alegación responsiva, o en la alternativa, solicitar una prórroga.[12] Arguyeron que los peticionarios fueron emplazados sin reparo alguno y más aún cuando la señora Ivelisse Ortiz Lebrón divulgó voluntariamente su nombre al emplazador. Por último, arguyeron que, si bien faltaban documentos necesarios para la partición de la herencia, no existía impedimento alguno en derecho para presentar la causa de acción sobre liquidación de las comunidades de bienes post ganancial y hereditaria.

El 17 de junio de 2024, el TPI emitió una *Orden*, notificada y archivada en autos el mismo día,[13] por la que declaró con lugar la *Moción en Cumplimiento de Orden* de los recurridos y

---

[10] *Íd.*, Anejo P, págs. 61-65.
[11] *Íd.*, págs. 64-65.
[12] *Íd.*, Anejo T, págs. 76-79.
[13] *Íd.*, Anejo U, pág. 80.

consecuentemente, mantuvo la anotación de rebeldía de los peticionarios.

Inconforme con esta determinación, el 17 de julio de 2024, los peticionarios presentaron un recurso de *Certiorari* y le imputaron al TPI la comisión de los siguientes errores:

> 1.     Erró el Honorable Tribunal de Primera Instancia al ordenar y mantener la anotación de rebeldía a los co demandados, a pesar de que la parte aquí peticionaria, correctamente alegó deficiencias en el emplazamiento que surgen del propio expediente judicial, incluyendo haber diligenciado un emplazamiento conjunto, **en contravención a lo resuelto en Torres Zayas v. Montano Gómez, 2017 DTS 202**. Surgiendo además del expediente judicial la deficiencia en la notificación de la anotación de rebeldía a las partes y cuando además dicha parte proveyó justa causa para la breve demora al comparecer.

> 2.     Erró el Honorable Tribunal de [P]rimera Instancia al no expresarse en cuanto a los planteamientos de la parte peticionaria sobre si la causa de liquidación de comunidad hereditaria está madura y es justiciable, aun cuando entre otras deficiencias se alega la existencia de un testamento ológrafo de la causante, pendiente de adveración y protocolización.

En síntesis, arguyeron que, nuestro máximo foro resolvió en *Torres Zayas v. Montano Gómez*, 199 DPR 458 (2017), que la mejor práctica para un correcto emplazamiento de la SLG es que, por medio de dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la SLG. Indicaron que era necesario expedir dos emplazamientos separados; esto es, un emplazamiento para el señor Ángel David Saldaña Rodríguez, por sí y en representación de la SLG; y otro para la señora Ivelisse Ortiz Lebrón, por sí y en representación de la SLG. Expusieron que, en el presente caso, el emplazamiento fue defectuoso pues se diligenció un solo emplazamiento para ambos cónyuges en conjunto con la SLG, y, por lo tanto, el tribunal no adquirió jurisdicción sobre la persona de ambos cónyuges.

En cuanto al planteamiento de falta de jurisdicción por inmadurez, los peticionarios reiteraron que no surgía documento

legal que legitimara la capacidad de los recurridos para presentar la causa de acción y que estos no cumplieron con las disposiciones de la sección 2054.05 del Código de Rentas Internas, *supra*, sec. 31165, sobre la presentación de un documento que acreditase la cancelación del gravamen de propiedad del caudal relicto.

El 20 de agosto de 2024, el recurrido Demetrio Saldaña Rodríguez presentó una *Oposición a la Expedición del Auto de Certiorari*. Por medio de esta, arguyó que, si bien nuestro máximo foro estableció que la mejor práctica es emplazar a ambos cónyuges tanto en su capacidad individual como en representación de la SLG, con el propósito de evitar conflictos de intereses, dicha recomendación no constituye un mandato absoluto, sino una orientación sobre la práctica más idónea. El recurrido alegó que, aunque la señora Ivelisse Ortiz Lebrón no fue emplazada, la SLG fue emplazada a través del señor Ángel David Saldaña Rodríguez. Además, expuso que el siguiente paso procesal sería emplazar a la señora Ivelisse Ortiz Lebrón en su carácter individual y como parte de la SLG.

Por otro lado, alegó que el tribunal no estaba en posición de pronunciarse sobre la madurez y justiciabilidad de la causa sin la presentación de mociones adecuadas, la admisión de prueba suficiente y ante la etapa en la cual se encuentra el caso actualmente.

Consecuentemente, el caso quedó perfeccionado para determinación judicial.

**III.**

**A.**

El auto de *Certiorari* es un remedio procesal discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016); ***IG Builders et al. v.***

***BBVAPR***, 185 DPR 307, 337-338 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *Certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1,[14] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *Certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.***, 202 DPR 478, 486-487 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *Certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction***, 201 DPR 703, 709-710 (2019). Nuestro rol al atender recursos de *Certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008).

---

[14] Esta Regla dispone en lo pertinente que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Si el asunto sobre el cual versa el recurso de *Certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*.[15]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción es "[e]l más poderoso instrumento para hacer justicia reservado a los jueces es la discreción". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004) (*citando a **Banco Metropolitano v. Berríos***, 110 DPR 721, 725

---

[15] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(1981)). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729 (*citando a* *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001)). Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011) (*citando a* *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997)); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, supra, pág. 91). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". Íd., pág. 736 (énfasis en el original eliminado). Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas*

*Blanco*, 211 DPR 135, 144 (2023); ***Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.***, 207 DPR 586, 600 (2021); ***Allied Management Group, Inc. v. Oriental Bank***, 204 DPR 374, 385 (2020); ***Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico***, 204 DPR 89, 101 (2020). Los tribunales de Puerto Rico poseen jurisdicción general, por lo cual "están facultados para atender cualquier reclamación que presente una controversia propia de adjudicación, siempre que tengan jurisdicción sobre la materia". ***Consejo de Titulares de 76 Kings Court Condominium v. MAPFRE PRAICO Insurance Company***, 208 DPR 1018, 1026 (2022).

### C.

Asimismo, nuestro máximo foro ha expresado que los tribunales solo pueden evaluar aquellos casos que sean justiciables. ***Torres Montalvo v. Gobernador ELA***, 194 DPR 760, 766 (2016); ***Clases A, B y C v. PRTC***, 183 DPR 666, 692 (2011); ***Rexach v. Ramírez Veléz***, 162 DPR 130, 142 (2004). Este principio "requiere que exista una controversia genuina, entre partes antagónicas, que permita adjudicarla en sus méritos y conceder un remedio con efecto real sobre la relación jurídica". ***Torres Montalvo v. Gobernador ELA***, supra, pág. 766; ***Asoc. Fotoperiodistas v. Rivera Schatz***, 180 DPR 920, 931 (2011). Lo anterior pues la intrusión del tribunal en ausencia de una controversia justiciable constituye una transgresión de los poderes de las demás ramas de gobierno. ***Torres Montalvo v. Gobernador ELA***, supra, pág. 816.

Un caso no es justiciable cuando (1) se trata de resolver una cuestión política; (2) una de las partes no ostenta capacidad jurídica para promover un pleito; (3) luego de comenzado un pleito, hechos posteriores lo convierten en académico; (4) las partes buscan obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro. ***Noriega v. Hernández Colón***, 135 DPR 406, 421-422 (1994).

La madurez se refiere a la "proximidad temporal o inminencia del daño alegado a través de un análisis dual: si la controversia sustantiva es apropiada para resolución judicial y si el daño es suficiente para requerir adjudicación". **Clases A, B y C v. PRTC**, supra, pág. 692 (*citando a* **Crespo Claudio v. O.E.G.**, 173 DPR 804, 814 (2008)). Cónsono con ello, los tribunales deben determinar si existe una controversia justiciable propia para un pronunciamiento judicial, y que la misma se encuentra definida correctamente para permitirle al tribunal que pueda justipreciarla en sus méritos. **Clases A, B y C v. PRTC**, supra, pág. 692; **Rexach v. Ramírez Veléz**, supra, pág. 142.

### D.

El emplazamiento es un mecanismo procesal por el cual se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra "para así garantizarle su derecho a ser oído y a defenderse si así lo desea". **Rivera v. Jaume**, 157 DPR 562, 575 (2002). Este mecanismo también se utiliza para que un tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga. **Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.**, 2024 TSPR 10; **Rivera Marrero v. Santiago Martínez**, 203 DPR 462, 480 (2019). En otras palabras, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". **Pérez Quiles v. Santiago Cintrón**, 206 DPR 379, 384 (2021) (*citando a* **Acosta v. ABC, Inc.**, 142 DPR 927 (1997)); **Álvarez v. Arias**, 156 DPR 352, 366 (2002). Cónsono con lo anterior, "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal". **Rivera Marrero v. Santiago Martínez**, supra, pág. 483

(Énfasis en el original eliminado); ***Torres Zayas v. Montano Gómez***, supra, pág. 467. Es por ello que el demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y a su diligenciamiento, pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley". ***Rivera Marrero v. Santiago Martínez***, supra, pág. 480; Véase además, ***Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.***, supra; ***Pérez Quiles v. Santiago Cintrón***, supra, pág. 384.

En esa misma línea, la Regla 4 de Procedimiento Civil, *supra*, R. 4, regula el proceso y las formalidades del emplazamiento en casos civiles. ***Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.***, supra; ***Pérez Quiles v. Santiago Cintrón***, supra, pág. 384. Como parte de ese proceso, la parte demandante debe presentar un formulario de emplazamiento junto a la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil, *supra*, R. 4.1; ***Torres Zayas v. Montano Gómez***, supra, págs. 468-469. Luego de expedirse el emplazamiento, el término para diligenciarlo es de 120 días improrrogables, a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c); ***Bernier González v. Rodríguez Becerra***, 200 DPR 637 (2018); ***Torres Zayas v. Montano Gómez***, supra, pág. 468.

Los requisitos dispuestos por la Regla 4 de Procedimiento Civil, *supra*, son de estricto cumplimiento. ***Rivera Marrero v. Santiago Martínez***, supra, pág. 480; ***Torres Zayas v. Montano Gómez***, supra, pág. 468. Aun así, la falta de un emplazamiento correcto dirigido a la parte demandada produce la nulidad de la

sentencia emitida por falta de jurisdicción sobre dicha parte. ***Torres Zayas v. Montano Gómez***, supra, págs. 468-469; ***Lanzo Llanos v. Banco de la Vivienda***, 133 DPR 507, 512 (1993).

Sin embargo, la Regla 4.8 de Procedimiento Civil, *supra*, R. 4.8, dispone que el tribunal puede, en cualquier momento, a su discreción y en los términos que crea justos, "permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento". En esa misma línea, nuestro máximo foro expresó que:

> [L]o fundamental es que pueda "concluirse que la persona demandada fue realmente notificada de la reclamación en su contra y no se perjudiquen sustancialmente sus derechos esenciales". (cita omitida). Igual análisis han sostenido los tratadistas Wright y Miller, al expresar que siempre que el emplazamiento sea lo suficientemente preciso para proporcionar una notificación adecuada, con toda probabilidad se permitirá una enmienda y se considerará el error como inofensivo. ***Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.***, 207 DPR 994, 1012 (2021) (*citando a 4A Wright and Miller, Federal Practice and Procedure 4th* Sec. 1088 (2020) ("[A]s long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless").

Lo determinante al autorizar la enmienda de un emplazamiento es "que la parte a quien se dirige el emplazamiento sea realmente notificada de la reclamación en su contra y haya respondido a la reclamación. Lo que se busca es que no se perjudiquen sustancialmente los derechos esenciales de la parte demandada". ***Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.***, supra, pág. 1013.

**E.**

La SLG es el régimen económico que normalmente regula la institución del matrimonio en Puerto Rico. ***Torres Zayas v. Montano Gómez***, supra, pág. 465. Es una entidad con personalidad

jurídica propia y separada de los miembros que la componen, y no absorbe la personalidad individual de los cónyuges. Íd., pág. 466; ***Pagán Rodríguez v. Registradora***, 177 DPR 522, 542 (2009).

Bajo la SLG, "los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno". ***Torres Zayas v. Montano Gómez***, supra, pág. 464; ***Roselló Puig v. Rodríguez Cruz***, 183 DPR 81, 93 (2011); Artículo 91 del antiguo *"Código Civil de Puerto Rico" Edición de 1930* (Código Civil del 1930), 31 LPRA ant. sec. 284. En otras palabras, los bienes y derechos que componen la masa ganancial "son de titularidad conjunta de los cónyuges sin especial atribución de cuotas". ***Torres Zayas v. Montano Gómez***, supra, pág. 466 (*citando a* J.J. Rams Albesa, La Sociedad de Gananciales, Madrid, Ed. Tecnos, 1992, pág. 28). De igual modo, cualquiera de los cónyuges tiene la capacidad de representar legalmente a la SLG. ***Torres Zayas v. Montano Gómez***, supra, págs. 466-467; Artículo 93 del Código Civil del 1930, *supra*, ant. sec. 286.

Previo a que nuestro máximo foro resolviera ***Torres Zayas v. Montano Gómez***, supra, era suficiente emplazar solamente a uno de los dos cónyuges para emplazar a la SLG conforme a derecho. Sin embargo, el Tribunal Supremo interpretó la nueva Regla 4.4 (e) de Procedimiento Civil, *supra*, R. Regla 4.4 (e), la cual establece que, "[a] la Sociedad Legal de Gananciales se emplazará entregando copia del emplazamiento y de la demanda a ambos cónyuges". Específicamente resolvió que:

> *Como se puede apreciar, la nueva regla* —sin dejar margen para una interpretación distinta— *expresamente dispone que cuando se vaya a demandar a la Sociedad Legal de Bienes Gananciales, se deberá diligenciar el emplazamiento a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos.* ***Torres Zayas v. Montano Gómez***, supra, pág. 471.

En otras palabras, bajo la normativa jurídica vigente, para adquirir jurisdicción sobre la SLG es necesario emplazar a cada cónyuge, por sí y en representación de la SLG, <u>de forma separada</u>. Asimismo lo comenta la Prof. Nilda M. Navarro Cabrer:

> Según expone el TSPR en *Torres Zayas*, se trata de una enmienda importante que dejó sin efecto la jurisprudencia anterior que disponía que no era necesario emplazar a ambos cónyuges para adquirir jurisdicción sobre la sociedad legal de bienes gananciales compuesta por estos. La conclusión del Tribunal sigue la disposición taxativa de la regla 4.4(e). Según concluye el Tribunal, la regla no deja margen para una interpretación distinta. **Para adquirir jurisdicción sobre una sociedad legal de bienes gananciales debe diligenciarse un emplazamiento dirigido <u>a cada cónyuge</u>, por sí y en representación de dicha sociedad**. Además, exigir el emplazamiento a ambos cónyuges para poder adquirir jurisdicción sobre una sociedad legal de gananciales, evita una posible lesión de los derechos del cónyuge omitido como parte en la demanda. N. M. Navarro Cabrer, *Derecho Procesal Civil*, 88 Rev. Jur. UPR 198, 201-202 (2019) (Subrayado y énfasis suplido).

Por lo tanto, la práctica a seguir para un emplazamiento correcto de la SLG es que:

> [M]ediante dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la Sociedad Legal de Bienes Gananciales que éstos constituyen. En ese sentido, huelga expedir un tercer emplazamiento dirigido exclusivamente a la Sociedad Legal de Bienes Gananciales.
> **Siendo ello así, basta con expedir un emplazamiento para "(nombre del cónyuge A), por sí y en representación de la Sociedad Legal de Bienes Gananciales", y uno para "(nombre del cónyuge B), por sí y en representación de la Sociedad Legal de Bienes Gananciales".** ***Torres Zayas v. Montano Gómez***, supra, pág. 471. (Énfasis suplido).

### F.

Por otro lado, la rebeldía es aquella posición procesal en donde se coloca a la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. ***Rivera Figueroa v. Joe's European Shop***, supra, pág. 587 (*citando a* R. Hernández Colón, <u>Derecho Procesal Civil</u>, 5ª ed. rev., San Juan, Ed. LexisNexis, 2010, pág. 287). Es por ello que el propósito del procedimiento de la anotación de rebeldía es desalentar la dilación como estrategia de

litigio. ***Rivera Figueroa v. Joe's European Shop***, supra, pág. 587 (*citando a* J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2ª ed. rev., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1340). Asimismo, es eminente resaltar que "es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". ***Rivera Figueroa v. Joe's European Shop***, supra, pág. 587 (*citando a* R.L. Vigo, Ética y responsabilidad judicial, Buenos Aires, Rubinzal-Culzoni Editores, pág. 38).

A esos efectos, como parte del emplazamiento, se dirige el mismo a la parte demandada con, entre otras cosas, el plazo dentro cual las Reglas de Procedimiento Civil, *supra*, exigen que comparezca y apercibiéndole que de no hacerlo podrá dictarse sentencia en rebeldía en su contra. Regla 4.2 de Procedimiento Civil, *supra*, R. 4.2. Así pues, a iniciativa del propio tribunal o moción de parte, el tribunal puede anotar la rebeldía a cualquier parte conforme a las consecuencias detalladas en la Regla 34.3 (b)(3) de Procedimiento Civil, *supra*, R. 34.3 (b)(3). Regla 45.1 de Procedimiento Civil, *supra*; ***Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.***, 212 DPR 807, 823 (2023); ***Rivera Figueroa v. Joe's European Shop***, supra, págs. 588-589. El efecto de esta anotación es dar por admitidas las aseveraciones de las alegaciones afirmativas, a tenor con la Regla 45.2 (b) de Procedimiento Civil, *supra*, R. 45.2 (b). Regla 45.1 de Procedimiento Civil, *supra*; ***Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.***, supra, pág. 823. Sin embargo, el tribunal puede dejar sin efecto dicha anotación por justa causa, y en el caso de haber dictado una sentencia en rebeldía, el tribunal podrá dejarla sin efecto, a tenor con la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Regla 45.3 de Procedimiento Civil, *supra*, R. 45.3; ***Rivera Figueroa v. Joe's European Shop***, supra, págs. 591.

**IV.**

En el caso de marras, el TPI emitió una *Orden* el 17 de junio de 2024, notificada y archivada en autos ese mismo día, por la cual mantuvo la anotación de rebeldía de los peticionarios, luego de estos no haber comparecido dentro de treinta (30) días de haber sido emplazados.

Inconforme, los peticionarios plantearon que el foro primario erró al ordenar y mantener la anotación de rebeldía cuando se utilizó un solo emplazamiento para adquirir jurisdicción sobre múltiples partes, a saber: el señor Ángel David Saldaña Figueroa, su esposa Ivelisse Ortiz Lebrón, y la SLG, contrario a lo resuelto en ***Torres Zayas v. Montano Gómez***, supra. Sostuvieron además que el TPI incidió al no atender los planteamientos sobre si la causa de acción sobre la liquidación de la comunidad hereditaria está madura y justiciable.

Tras un análisis objetivo, sereno y cuidadoso de la totalidad del expediente ante nuestra consideración, en correcta práctica jurídica apelativa, resolvemos que el TPI incurrió en el error imputado al anotar y mantener la anotación de rebeldía de los peticionarios.

Como asunto de umbral, "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal". ***Rivera Marrero v. Santiago Martínez***, supra, pág. 483; ***Torres Zayas v. Montano Gómez***, supra, pág. 467. Es por lo anterior que la parte demandante tiene la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento. ***Rivera Marrero v. Santiago Martínez***, supra, pág. 480. La falta de un emplazamiento correcto dirigido a la parte demandada produce la nulidad de la sentencia emitida por falta de jurisdicción sobre dicha

parte. ***Torres Zayas v. Montano Gómez***, supra, págs. 468-469; ***Lanzo Llanos v. Banco de la Vivienda***, supra, pág. 512.

Por otra parte, la SLG ostenta su propia personalidad jurídica independiente de la de los cónyuges, y, por lo tanto, "cuando se intente demandar a una Sociedad Legal de Bienes Gananciales, ésta debe ser emplazada conforme a derecho, a saber: a través de ambos cónyuges". Íd. ***Torres Zayas v. Montano Gómez***, supra, pág. 473. En otras palabras, si no emplazó a uno de los dos cónyuges, tampoco se emplazó a la SLG. Íd.

En el presente caso, se desprende del expediente que el <u>único</u> emplazamiento diligenciado fue expedido para "Ángel David Saldaña Figueroa, su esposa Jane Doe, y [la] Sociedad de Bienes Gananciales de ambos". Ciertamente, incidió el foro primario al anotarle la rebeldía a los peticionarios. Así, pues el tribunal nunca adquirió jurisdicción sobre ambos cónyuges, por lo cual es forzoso concluir que tampoco adquirió jurisdicción sobre sobre la SLG. Consecuentemente, procede revocar la *Orden* recurrida, a través de la que el TPI anotó la rebeldía a los peticionarios.

En esta etapa de los procedimientos, atendemos únicamente lo referente al diligenciamiento del emplazamiento de los peticionarios, el cual no fue diligenciado, conforme a derecho.

Por lo que resulta innecesario entrar a resolver el segundo señalamiento de error.

## V.

Por las razones pormenorizadas precedentemente, se expide el auto de *Certiorari y se revoca* la *Orden* recurrida. Consecuentemente, se levanta la anotación de rebeldía y se ordena la expedición y diligenciamiento de emplazamientos nuevos; esto es, uno dirigido al señor Ángel David Saldaña Figueroa, por sí y en representación de la SLG, y otro emplazamiento para la señora Ivelisse Ortiz Lebrón, por sí y en representación de la SLG.

Se devuelve el caso ante el TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones