ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ANÍBAL LUGO IRIZARRY<br><br>Parte Recurrida<br><br>v.<br><br>CARMEN TERESA LUGO IRIZARRY,<br><br>**MANUEL L. MORALES SCHMIDT**<br><br>**MAYRA VICIL BERNIER,**<br><br>**Parte Peticionaria** | KLCE202400761 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2023CV00551<br><br>Sobre: Impugnación o Nulidad de Testamento |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2024.

El 10 de julio de 2024, el licenciado Manuel L. Morales Schmidt (licenciado Morales Schmidt) y la licenciada Mayra Y. Vicil Bernier (licenciada Vicil Bernier) (en conjunto, parte peticionaria) instaron el recurso de *certiorari* de epígrafe. Solicitan que revoquemos una *Resolución* emitida el 8 de julio de 2024, notificada al siguiente día, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, mediante la cual el foro primario denegó la solicitud de desestimación presentada por la parte peticionaria por insuficiencia en la declaración jurada utilizada en la petición del emplazamiento por edicto, y por insuficiencia en el diligenciamiento del emplazamiento por edicto.[1]

El 10 de julio de 2024, emitimos una *Resolución* en la que ordenamos la paralización de los procedimientos ante el foro

---

[1] *Resolución*, Apéndice del recurso, págs. 1-10.

primario, en específico, el juicio en rebeldía pautado para el 11 de julio de 2024, luego de examinar la *Moción Urgente sobre Paralización en Auxilio de la Jurisdicción de este Honorable Tribunal* presentada por la parte peticionaria el 10 de julio de 2024.

Por su parte, el señor Aníbal Lugo Irizarry (señor Lugo Irizarry o recurrido) presentó una *Oposición a Auto de Certiorari* el 7 de agosto de 2024.

Evaluada la solicitud de la parte peticionaria y los documentos que obran en autos, a tenor con lo dispuesto en la Regla 40 del Reglamento de Tribunal de Apelaciones,[2] y por los fundamentos que exponemos a continuación, se expide el recurso de *certiorari* y se revoca la *Resolución* recurrida. Consecuentemente, se desestima la demanda de epígrafe presentada por el señor Lugo Irizarry.

# I.

El 4 de abril de 2023, el señor Lugo Irizarry radicó una *Demanda* sobre Impugnación de Testamento y daños y perjuicios en contra de la parte peticionaria y otros.[3]

Luego de varios tramites procesales, el señor Lugo Irizarry presentó una *Moción Solicitando Emisión de Emplazamientos por Edictos para Dos Codemandados* el 1 de agosto de 2023.[4] A la misma le acompañó una declaración jurada del emplazador Edwin Gutiérrez Torres (emplazador Gutiérrez Torres) en la cual se mencionaron las siguientes gestiones y esfuerzos realizados por este para intentar llevar a cabo los emplazamientos:

> 3) Que logré obtener la localización de la oficina donde ambos, como abogados, tiene[n] su práctica legal.

---

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[3] *Demanda*, Apéndice del recurso, págs. 19-24; véase además, Entradas Núm. 24, 60, 66, 71, 77 & 79 del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Los únicos codemandados restantes en el pleito de epígrafe son el licenciado Morales Schmidt y la licenciada Vicil Bernier.
[4] *Moción Solicitando Emisión de Emplazamientos por Edictos para Dos Codemandados*, Apéndice de recurso, págs. 43-44.

4) Que me personé en varias ocasiones, hablé con la secretaria, de nombre Lilian Maldonado, le expliqué la razón de mi vista, que era la de emplazarlos en el presente caso; y los documentos que habría de entregar. Me indicó que les daría la información sobre mi gestión.

5) Nunca se comunicaron conmigo, aun cuando le di toda mi información [sic] texto a la Lcda. Mayra Vicil Bernier al Celular 787-310-1694 y a la Lcda. Ortiz quien en una de las ocasiones que llam[é] para coordinar la entrega de los emplazamientos tom[ó] la llamada. De hecho, la secretaria me decía, que nunca se encontraban en la oficina las veces que visit[é] la misma. A veces hasta encontraba cerrada la oficina. En la primera de mis visitas, se me indicó que el Lic. Morales Schmidt se encontraba en la oficina en una reunión pero que tardaría, y nunca salió a verme unos minutos para yo poder emplazarlo.

6) Nunca me llam[ó] la Lcda. Vicil y todas las veces que llam[é] a la secretaria del Lcdo. Morales me decía que no se encontraba y no podía precisar cuándo estaría de regreso.

. . . .[5]

El foro primario emitió una *Orden para Emplazamiento por Edicto* el 10 de agosto de 2023 donde ordenó la emisión de un emplazamiento por edicto.[6]

Luego de varios trámites procesales, el señor Lugo Irizarry radicó un *Escrito al Expediente Judicial* el 1 de noviembre de 2023 con copia de la publicación del emplazamiento por edicto.[7]

Sin embargo, al día siguiente, el señor Lugo Irizarry presentó una *Moción Solicitando Anotación en Rebeldía* en la cual sostuvo que el emplazamiento por edicto había sido publicado el 2 de octubre de 2023, y el término para contestar la demanda o presentar alguna réplica había vencido el 2 de noviembre de 2023.[8]

El foro *a quo* emitió una *Resolución Anotación Rebeldía* el 7 de noviembre de 2023, en la que declaró ha lugar la solicitud de anotación de rebeldía en contra de la parte peticionaria;[9] y, el 24 de

---

[5] *Declaración Jurada sobre Gestiones para Intentar Emplazar a Codemandados,* *Íd.*, págs. 45-46.
[6] *Orden para Emplazamiento por Edicto, Íd.*, pág. 47.
[7] *Escrito al Expediente Judicial, Íd.*, págs. 48-49.
[8] *Moción Solicitando Anotación en Rebeldía, Íd.*, pág. 50.
[9] *Resolución Anotación Rebeldía, Íd.*, pág. 52.

abril de 2024, señaló una vista de juicio en su fondo sobre rebeldía para el 11 de julio de 2024.[10]

La parte peticionaria, sin someterse a la jurisdicción del Tribunal, presentó una *Urgente Moción de Desestimación por Falta de Jurisdicción por Defecto en el Emplazamiento por Edicto* el 9 de mayo de 2024.[11] Por medio de esta, alegó que la declaración jurada que se anejó a la solicitud de emplazamiento por edicto fue insuficiente en derecho por no especificar y detallar las gestiones realizadas por el emplazador Gutiérrez Torres, y porque este no agotó todas las posibilidades disponibles para localizarlos. También sostuvo que el diligenciamiento del emplazamiento por edicto fue defectuoso y contrario a la Regla 4.6 de Procedimiento Civil porque nunca recibió copia de la demanda y del emplazamiento por correo certificado con acuse de recibo.[12] Expuso además que el señor Lugo Irizarry tampoco presentó la declaración jurada del periódico el Vocero acreditando la publicación del edicto. Por lo tanto, la parte peticionaria suplicó del foro primario que dejara sin efecto la anotación de rebeldía por carecer de jurisdicción sobre la parte peticionaria y que desestimara la demanda del caso de epígrafe.

Por su parte, el 28 de mayo de 2024, el señor Lugo Irizarry presentó una *Oposición a Urgente Moción de Desestimación, etc.*[13] Con relación a la declaración jurada del emplazador Gutiérrez Torres, expuso que la misma contenía gestiones e instancias en las cuales este fue a la oficina de la parte peticionaria; el nombre de la secretaria de dicha oficina; que el emplazador le había dado toda la información sobre los emplazamientos a la licenciada Vicil Bernier por texto; y que en una de las primeras visitas a dicha oficina el

---

[10] *Orden [de] Instrucciones para Juicio en su Fondo [sobre] rebeldía de Manera Presencial, Íd.*, págs. 56-57.

[11] *Urgente Moción de Desestimación por Falta de Jurisdicción por Defecto en el Emplazamiento por Edicto, Íd.*, págs. 11-18.

[12] Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6.

[13] *Oposición a Urgente Moción de Desestimación, etc.*, Apéndice del recurso, págs. 58-62.

licenciado Morales Schmidt se encontraba reunido, pero nunca salió para ver al emplazador Gutiérrez Torres.

Así las cosas, el foro primario emitió una *Resolución* el 8 de julio de 2024, notificado el 9 de julio de 2024, por la cual denegó la solicitud de desestimación presentada por la parte peticionaria por insuficiencia en la declaración jurada utilizada en la petición del emplazamiento por edicto, y por insuficiencia en el diligenciamiento del emplazamiento por edicto. Fundamentó su determinación en que el señor Lugo Irizarry había solicitado la expedición de emplazamiento por edicto dentro del término de 120 días, y fue expedido por la Secretaría del Tribunal. Además, determinó que la parte peticionaria había sido debidamente emplazada por medio de la publicación del edicto en el periódico el Vocero el 2 de octubre de 2023.

Inconforme con dicha determinación, la parte peticionaria acudió ante esta Curia el 10 de julio de 2024 mediante un recurso de *certiorari* y señaló que el TPI cometió los siguientes errores:

PRIMER ERROR SEÑALADO

ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA, AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN POR EL FUNDAMENTO DE QUE EL EMPLAZAMIENTO POR EDICTO FUE DILIGENCIADO OPORTUNAMENTE A PESAR DE NO HABERSE LEVANTADO TAL ARGUMENTO EN LA MOCIÓN DE DESESTIMACIÓN.

SEGUNDO ERROR SEÑALADO

ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO ATENDER LOS SEÑALAMIENTOS DE EMPLAZAMIENTO DEFECTUOSO POR INSUFICIENCIA DE LA DECLARACIÓN JURADA Y POR INCUMPLIR CON EL REQUISITO DE NOTIFICACIÓN DE LA REGLA 4.6 DE PROCEDIMIENTO CIVIL.

La parte peticionaria reiteró los planteamientos presentados ante el foro primario. Además, sostuvo que la *Resolución* recurrida no discutió la suficiencia de la declaración jurada ni el supuesto incumplimiento con los requisitos de la notificación del emplazamiento por edicto, sino que se limitó a determinar que el

emplazamiento fue diligenciado dentro del término concedido por las Reglas de Procedimiento Civil para realizarlo.[14]

Por su parte, el 7 de agosto de 2024, el señor Lugo Irizarry radicó una *Oposición a Petición de Auto de Certiorari*. En síntesis, reiteró los planteamientos presentados ante el TPI. Añadió que la licenciada Vicil Bernier incluyó una dirección suya distinta en el recurso de *certiorari* en comparación con la dirección provista para las notificaciones y sede notarial. Respecto al diligenciamiento del emplazamiento por edicto, el señor Lugo Irizarry admitió que cuando le solicitó al señor Ángel Cruz, quien había trabajado como emplazador y mensajero para el representante legal en otros casos, evidencia y recibo del certificado con acuse de recibo, este le expresó que había enviado la demanda y el emplazamiento por correo regular solamente. El señor Lugo Irizarry alegó también que dos días después del envío de la copia de la demanda y del emplazamiento por correo regular, también se lo cursó por correo electrónico a la parte peticionaria.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[15]

En los casos civiles, la Regla 52.1 de Procedimiento Civil,[16] delimita las instancias en las que procede que este Tribunal de

---

[14] Regla de Procedimiento Civil, supra.
[15] *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020).
[16] Regla 52.1 de Procedimiento Civil, supra, R. 52.1.

Apelaciones expida el recurso de *certiorari*.[17] La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución bajo remedios provisionales de la Regla 56 de Procedimiento Civil,[18] *injunctions* de la Regla 57 de Procedimiento Civil,[19] o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[20] Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[21]

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[17] *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, supra, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019).

[18] Regla 56 de Procedimiento Civil, supra, R. 56.

[19] Regla 57 de Procedimiento Civil, *Íd.*, R. 57.

[20] Regla 52.1 de Procedimiento Civil, *Íd.*; véase además, *Scotiabank de Puerto Rico v. ZAF Corporation*, supra, pág. 487.

[21] Regla 52.1 de Procedimiento Civil, supra.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[22]

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia,[23] de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia".[24] Por ende, este tribunal no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto".[25]

**B.**

El emplazamiento es un mecanismo procesal por el cual se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra "para así garantizarle su derecho a ser oído y a defenderse si así lo desea".[26] Este mecanismo

---

[22] Regla 40 del Reglamento del Tribunal de Apelaciones, supra.
[23] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).
[24] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018).
[25] *Íd.*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[26] *Rivera v. Jaume*, 157 DPR 562, 575 (2002).

también se utiliza para que un Tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga.[27] En otras palabras, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial".[28]

El demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento, pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley".[29] La falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado y la misma no podrá ejecutarse".[30] Asimismo, bajo la Regla 10.2 de Procedimiento Civil,[31] las partes podrán realizar varias defensas, mediante una moción debidamente fundamentada, incluyendo insuficiencia del diligenciamiento del emplazamiento.

Ahora bien, la Regla 4 de Procedimiento Civil,[32] es la que regula el proceso y las formalidades del emplazamiento en casos civiles.[33] Como normal general, la notificación que exige la garantía de debido proceso de ley se satisface por medio de entrega personal a cada demandado del emplazamiento y la demanda. Sin embargo, existen excepciones como el emplazamiento por edicto.[34]

---

[27] *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, 2024 TSPR 10; *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); C. E. Díaz Olivo, *Litigación Civil*, 2ª ed. rev., AlmaForte, 2022, pág. 69.

[28] *Álvarez v. Arias*, 156 DPR 352, 366 (2002) (*citando a Acosta v. ABC, Inc.*, 142 DPR 927 (1997)); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021).

[29] *Rivera Marrero v. Santiago Martínez*, supra, pág. 480; véase además, *Díaz Olivo, op. cit.*, pág. 69.

[30] *Díaz Olivo, op. cit.*, pág. 69.

[31] Regla 10.2 de Procedimiento Civil, supra, R. 10.2.

[32] Regla 4 de Procedimiento Civil, supra, R. 4.

[33] *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, supra; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384.

[34] *Díaz Olivo, op. cit.*, pág. 82.

Precisamente, la Regla 4.6 de Procedimiento Civil permite el emplazamiento por edicto cuando no se puede localizar a la persona a emplazarse por alguna de las siguientes razones:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, **que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes** o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente **y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. **La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo**, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.[35]

De la Regla 4.6 de Procedimiento Civil se desprende que si la persona está en Puerto Rico, para poder emplazar mediante edicto, es necesario que la parte interesada le acredite al Tribunal que ha sido diligente al tratar de localizar al demandado para emplazarlo personalmente, pero a pesar de las diligencias realizadas, no pudo

---

[35] Regla 4.6 de Procedimiento Civil, supra (Énfasis suplido); véase además, *Díaz Olivo, op. cit.*, pág. 82; C. R. Urrutia De Basora & L. M. Negrón Portillo, *Reglas de Procedimiento Civil de Puerto Rico: Preguntas y Respuestas*, 4ª ed. rev., San Juan, Ediciones SITUM, Inc., 2010, pág. 28.

localizarlo.[36] A esos efectos y para poner al Tribunal en posición de determinar que realmente se realizaron dichas diligencias, el emplazador debe presentar una declaración jurada con "hechos específicos que demuestren las gestiones efectivas realizadas para localizar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para localizarlo".[37] A esos efectos, nuestro Tribunal Supremo de Puerto Rico ha explicado que:

> [L]a razonabilidad de las gestiones efectuadas dependerá de las circunstancias particulares de cada caso. **La suficiencia de tales diligencias se medirá teniendo en cuenta todos los recursos razonablemente accesibles al demandante para intentar localizar al demandado**. Para hacer tal determinación, el tribunal deberá examinar si, a la luz de las circunstancias del caso, **las diligencias practicadas con el fin de notificar personalmente al demandado agotaron toda posibilidad razonable disponible al demandante para poder localizarlo**.[38]

**En otras palabras, "debe contener hechos específicos demostrativos de esa diligencia y no meras generalidades que no son otra cosa que prueba de referencia", y debe expresarse las personas con quiénes investigó y sus correspondientes direcciones.[39] Dicha declaración jurada "tiene que establecer las diligencias realizadas en forma tan precisa y detallada como sea necesario** para que el Tribunal pueda entender, medir y aquilatar la suficiencia de tales gestiones a la luz de las circunstancias de cada caso en particular".[40] Solamente cuando se demuestra fehacientemente que se han llevado a cabo aquellas diligencias con el propósito de encontrar al demandado, puede el Tribunal conceder el permiso para emplazarlo mediante la publicación del

---

[36] *Lanzo Llanos v. Banco de la Vivienda*, 133 DPR 507, 513 (1993); J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2ª ed. rev., Estados Unidos de América, Publicaciones JTS, 2011, pág. 356.

[37] *Cuevas Segarra, op. cit.*, págs. 353, 356.

[38] *Lanzo Llanos v. Banco de la Vivienda*, supra, pág. 515 (Énfasis suplido); véase además, Díaz Olivo, *op. cit.*, pág. 83.

[39] *Cuevas Segarra, op. cit.*, pág. 356 (Énfasis suplido); J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 3ª ed. rev. Ponce, Editorial Nomos, S.A., 2023, pág. 85; véase además, Díaz Olivo, *op. cit.*, pág. 83.

[40] *Lanzo Llanos v. Banco de la Vivienda,* supra, pág. 515 (Énfasis suplido).

emplazamiento por edicto.[41] En algunos pleitos, "es posible que sea necesario exigir descubrimiento de prueba, por vía de deposiciones, antes de autorizar la citación por edictos".[42] Esta declaración jurada es parte integral del procedimiento de solicitar permiso para emplazar por edicto, por lo cual **el Tribunal no adquiere jurisdicción si la que se presenta es insuficiente para inspirar el convencimiento judicial necesario**.[43] Consecuentemente, la sentencia que se dicte será nula e ineficaz.[44]

Ahora bien, luego de permitir el emplazamiento por edicto, se le tiene que dirigir al demandado una copia del emplazamiento y de la demanda "por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo", dentro de diez (10) días siguientes a la publicación del edicto.[45] Dicha notificación "es requerida como parte del debido proceso de ley sólo si se conoce la identidad de la persona o ésta es razonablemente identificable. De lo contrario, la publicación del edicto es suficiente".[46] El doctor José A. Cuevas Segarra explicó que tanto la publicación del edicto en un periódico de circulación general de la Isla como el envío, mediante correo certificado, de la copia del emplazamiento y de la demanda a la última dirección física o postal conocida del demandado "son exigencias del debido proceso de ley; sin su cumplimiento, el tribunal carece de jurisdicción sobre la persona del demandado, por lo que cualquier sentencia que se dicte será nula".[47]

### III.

En el presente caso, la parte peticionaria solicita que revoquemos la *Resolución* recurrida, pues arguye que erró el TPI al

---

[41] *Íd.*, pág. 513.
[42] *Cuevas Segarra, op. cit.*, pág. 357.
[43] *Íd.*, págs. 355, 356.
[44] *Íd.*, pág. 356.
[45] Regla 4.6 de Procedimiento Civil, supra.
[46] *Cuevas Segarra, op. cit.*, pág. 358.
[47] *Íd.*

denegar la solicitud de desestimación cuando la declaración jurada presentada para solicitar el emplazamiento por edicto fue insuficiente y el diligenciamiento de dicho emplazamiento fue defectuoso, contrario a la Regla 4.6 de Procedimiento Civil.[48]

Con relación a la declaración jurada, la parte peticionaria alegó que la misma no especificó ni detalló las gestiones realizadas por el emplazador, sino que reflejó alegaciones generales y conclusorias. Expuso que la misma no contenía fechas para las supuestas gestiones o visitas realizadas por el emplazador Gutiérrez Torres, sino que meramente se limitó a informar que este había visitado la oficina en varias ocasiones para la cual tampoco se incluyó la dirección. Sostuvo también que dicha declaración jurada no especificó la fecha ni el número utilizado para realizar las llamadas, y que el emplazador Gutiérrez Torres no agotó todas las posibilidades disponibles para localizar a la parte peticionaria. Tiene razón.

Según dispuesto anteriormente, la Regla 4.6 de Procedimiento Civil requiere de varios requisitos para otorgar el permiso de emplazar por edicto incluyendo una declaración que exprese las diligencias realizadas por el emplazador para localizar al demandado.[49] En la misma se debe incluir hechos específicos demostrativos y no meras generalidades que demuestren dichas gestiones incluyendo a quiénes investigó y sus correspondientes direcciones. De hecho, tiene que establecer tales gestiones de forma tan precisa y detallada como sea necesario para que el Tribunal pueda entender y aquilatar la suficiencia de las mismas a la luz de las circunstancias de cada caso. Además, estas deben demostrar si se ha agotado toda posibilidad razonable disponible para localizar a los demandados.

---

[48] Regla 4.6 de Procedimiento Civil, supra.
[49] *Íd.*

Solamente cuando se demuestre fehacientemente que se han llevado a cabo aquellas diligencias con el propósito de encontrar al demandado, puede el Tribunal conceder el permiso para emplazarlo mediante la publicación del emplazamiento por edicto. De presentarse una declaración jurada insuficiente de inspirar el convencimiento judicial necesario, el Tribunal no adquiere jurisdicción.

En el caso de epígrafe, la declaración jurada presentada por el señor Lugo Irizarry para solicitar el emplazamiento por edicto indica que el emplazador Gutiérrez Torres obtuvo la localización de la oficina de la licenciada Vicil Bernier y el licenciado Morales Schmidt para emplazarlos personalmente. Sin embargo, dicha declaración jurada no menciona la dirección de la oficina que visitó.

El emplazador también expresó que se "person[ó] en varias ocasiones" a la oficina de los licenciados y habló con la secretaria Lilian Maldonado, a quien le explicó que había llegado allí para emplazar a la licenciada Vicil Bernier y al licenciado Morales Schmidt.[50] Añadió el emplazador que ella les iba a proveer a los licenciados la información sobre su gestión. No obstante, la declaración jurada omite las fechas, las horas y el número de veces que el emplazador Gutiérrez Torres visitó dicha oficina.

De hecho, en lugar de solicitar la dirección postal y/o residencial de las residencias de la licenciada Vicil Bernier y el licenciado Morales Schmidt, el emplazador se limitó a expresar en la declaración jurada que "[n]unca se comunicaron conmigo", aunque "le di toda mi información" a la licenciada Vicil Bernier vía texto y a otra licenciada, quien en "una de las ocasiones que llam[é] para coordinar la entrega de los emplazamientos tom[ó] la

---

[50] *Declaración Jurada sobre Gestiones para Intentar Emplazar a Codemandados*, Apéndice del recurso, pág. 45.

llamada".[51] Nuevamente, no se incluyeron las fechas de las veces que el emplazador Gutiérrez Torres llamó a la oficina ni se precisó a qué se refirió este con "toda mi información". Incluso, preguntar por la dirección de las residencias de ambos licenciados hubiese sido lo más prudente considerando que la secretaria de la oficina legal de estos le dijo al emplazador que nunca estaban en la oficina, no podía precisarle cuándo estarían de regreso y a veces el propio emplazador encontraba la oficina cerrada.

El emplazador Gutiérrez Torres alegó además que en una de sus "primeras visitas", alguien le indicó que el licenciado Morales Schmidt estaba reunido en la oficina pero que tardaría y que este nunca salió para verlo por unos minutos para poder emplazarlo.[52] Nuevamente, la declaración jurada no contiene la fecha de dicha visita, quién le proveyó al emplazador dicha información ni cuánto tiempo estuvo esperando por el licenciado para poder emplazarlo.

Es evidente que la declaración jurada incluye conclusiones y generalidades tales como visitar y llamar a la oficina en "varias ocasiones" y que "nunca se comunicaron conmigo" o "nunca me llam[ó]" la licenciada Vicil Bernier, a pesar de haberles provisto "toda mi información".[53] El señor Lugo Irizarry omitió las fechas, las horas y el número de veces que el emplazador Gutiérrez Torres visitó la oficina; la dirección de la oficina a la cual acudió; y por cuánto tiempo esperó por el licenciado Morales Schmidt para emplazarlo. Tampoco agotó toda posibilidad razonable disponible para localizar a licenciada Vicil Bernier y el licenciado Morales Schmidt, pues conociendo que los licenciados no estaban en la oficina y desconociendo cuándo regresaban, pudo haber solicitado la

---

[51] *Íd.*, págs. 45-46.
[52] *Íd.*, pág. 46.
[53] *Íd.*, pág. 45.

dirección de las residencias de los licenciados con el propósito de emplazarlos personalmente.

En fin, el señor Lugo Irizarry no estableció las gestiones del emplazador de forma tan precisa y detallada como fuese necesario para que este Tribunal pudiese entender y aquilatar la suficiencia de las mismas a la luz de las circunstancias de este caso. Por ende, el TPI incidió al otorgar permiso para que el señor Lugo Irizarry emplazara a la parte peticionaria mediante edicto.

Por otro lado, la parte peticionaria planteó que el diligenciamiento del emplazamiento por edicto fue defectuoso y contrario a la Regla 4.6 de Procedimiento Civil porque no recibió copia de la demanda y del emplazamiento por correo certificado con acuse de recibo.[54] Por su parte, el señor Lugo Irizarry admitió mediante la *Oposición a Petición de Auto de Certiorari* que cuando le solicitó al emplazador y mensajero Ángel Cruz evidencia y recibo del certificado con acuse de recibo, este le expresó que había enviado la demanda y el emplazamiento por <u>correo regular solamente</u>. Además, sostuvo el señor Lugo Irizarry que dos días después de tal envío, también se le cursó a la parte peticionaria los mismos documentos por correo electrónico. Le asiste razón.

Como señalamos anteriormente, la Regla 4.6 de Procedimiento Civil requiere que "dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo".[55] Es harto conocido que el demandante posee la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento. Con esto se busca evitar el fraude y que los

---

[54] Regla 4.6 de Procedimiento Civil, supra.
[55] *Íd.*

procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. Por lo tanto, la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado y la misma no podrá ejecutarse".[56]

Del expediente del caso de marras surge claramente que el señor Lugo Irizarry no cumplió con el requisito de enviarle a la parte peticionaria copia del emplazamiento y de la demanda por correo certificado con acuse de recibo o cualquier otro tipo de correspondencia con acuse de recibo. Por el contrario, lo hizo mediante correo regular solamente. Habiéndose incumplido con esta exigencia de debido proceso de ley, el foro primario carecía de jurisdicción sobre la persona de la licenciada Vicil Bernier y el licenciado Morales Schmidt, y procedía declarar con lugar la solicitud de desestimación de la demanda de epígrafe.

Además, si bien el señor Lugo Irizarry alegó haber remitido copia de los mencionados documentos por correo electrónico, lo hizo fuera del término de diez (10) días y no presentó prueba de dicho correo electrónico, por lo cual este Tribunal no tiene garantía de que dicha gestión se realizó.

A la luz de lo anteriormente expuesto, incidió el foro primario al denegar la solicitud de desestimación presentada por la parte peticionaria ante una declaración jurada insuficiente para diligenciar el emplazamiento por edicto, y un diligenciamiento de emplazamiento por edicto insuficiente, contrario a la Regla 4.6 de Procedimiento Civil.[57]

**IV.**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y se revoca la *Resolución* recurrida. Consecuentemente, se

---

[56] *Díaz Olivo, op. cit.*, pág. 69.
[57] Regla 4.6 de Procedimiento Civil, supra.

desestima la demanda de epígrafe presentada por el señor Lugo Irizarry, sin perjuicio.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones